In re PERDUE HOUSING INDUSTRIES, INCORPORATED, a/k/a Perdue Industries, Inc.

FIRST NATIONAL BANK OF STIGLER, OKLAHOMA, Plaintiff-Appellant,

v.

PERDUE HOUSING INDUSTRIES, INCORPORATED, a/k/a Perdue Industries, Inc., Defendant-Appellee.

No. 76–85.

United States District Court, W. D. Oklahoma.

June 17, 1977.

John B. Estes, Oklahoma City, Okl., Edwin L. Gage, Muskogee, Okl., for plaintiff-appellant.

W. Rogers Abbott, II, Larry G. Cassil, Oklahoma, City, Okl., for defendant-appellee.

DAUGHERTY, District Judge.

This is an appeal by the First National Bank of Stigler (Bank) from a Judgment of the Bankruptcy Court avoiding a lien claimed by the Bank on certain real property owned by Bankrupt Perdue Housing Industries, Inc. (Perdue) and located in Muskogee County, Oklahoma. The Court's jurisdiction herein is pursuant to 11 U.S.C. § 67(c). This appeal is taken in conformity with Bankruptcy Rules 801–814.

Although no transcript of the proceedings before the Bankruptcy Judge is before this Court, the basic facts of this case do not appear to be disputed. The Bank obtained a judgment against Perdue and filed a certified copy of said judgment with the Court Clerk of Muskogee County, Oklahoma, within four months of Perdue's filing of a petition in bankruptcy and the Bank claimed a lien on the above property as a result of said filing. Subsequently, the Bank filed a complaint in the bankruptcy proceedings seeking to foreclose this lien. The Bankruptcy Court conducted an evidentiary hearing at which the only witness called to testify was called by Perdue who was Bob L. Mansell, President of Perdue (Mansell). Based primarily on Mansell's testimony, the Bankruptcy Court found that on the date the Bank obtained its lien, Perdue was insolvent within the meaning of 11 U.S.C. § 1(19) and therefore, said lien was invalid under 11 U.S.C. § 107. The Bank then perfected this appeal.

Bankruptcy Rule 806 requires an appellant to designate the issues to be presented on appeal. The Bank has designated the sole issue on appeal to be whether the Bankruptcy Court erred in finding Perdue insolvent.

11 U.S.C. § 1(19) provides in part as follows:

"A person shall be deemed insolvent . . . whenever the aggregate of his property . . . shall not at a fair valuation be sufficient in amount to pay his debts."

In the instant case, the Bankruptcy Court based its determination of the fair valuation of Perdue's property on the testimony of Mansell concerning the financial status of Perdue rather than relying on the financial statements from which Mansell testified and that showed Perdue to be solvent. The Bankruptcy Court found that these financial statements were prepared on the basis of a "going concern value or cost of acquisition," whichever was lower rather than on the basis of what could have been realized out of Perdue's assets within a reasonable time after the date the Bank acquired its lien. The Bankruptcy Court applied the latter method of valuation as shown by paragraph 10 of the Findings of Fact which reads:

"10. The Court finds that as of October 23, 1975, the aggregate of Defendant's property was not sufficient in amount to pay its debts as determined by valuing Defendant's property by the following standard: that amount estimated as of October 23, 1975, that could be realized out of assets of Defendant within a reasonable time either through collection or sale by a capable and diligent businessman to an interested buyer who would be willing to purchase under ordinary selling conditions."

The Bank contends that the Bankruptcy Court erred in applying the above standard rather than the going concern valuation.

This Court has previously determined the meaning of "fair valuation" in *Darby v. Shawnee Southwest, Inc.*, 399 F.Supp. 587 (W.D.Okl.1975), wherein the Court quoted from *In re Schindler*, 223 F.Supp. 512 (E.D. Mo.1963), as follows:

" 'Fair valuation' within the meaning of Sec. 1(19) of the Act, means a value that can be made promptly effective by the owner of property to pay his debts. *Stern v. Paper*, D.C., 183 F. 228, 230 affirmed *Paper v. Stern*, 198 F. 642 (C.C.A.

8th); *In re Sedalia Farmer's Co-op Packing and Produce Company*, 268 F. 898, 900 (D.C.Mo.). The Court of Appeals for the Second Circuit citing *Stern v. Paper* with approval in *Syracuse Engineering Company v. Haight*, 110 F.2d 468, 471, concludes that under the 'balance sheet test' of the Bankruptcy Act, 'insolvency' results when the aggregate of a debtor's property is not sufficient at a fair valuation to pay his debts, which means a fair market price that can be made available for payment of debts within a reasonable period of time, and 'fair market value' implies a willing seller and a willing buyer."

*See Hunter Press, Inc. v. Connecticut Bank and Trust Co.*, 420 F.Supp. 338 (D.Conn. 1976); *In re O'Neill Enterprises, Inc.*, 359 F.Supp. 940 (W.D.Va.1973); 1 Collier, *Bankruptcy Manual* ¶ 1.09[2].

■ From the record before the Court, it seems that Mansell's testimony was the only evidence presented to the Bankruptcy Court concerning the fair market value of Perdue's property at the time the Bank acquired its lien. As this value was the standard required to be applied under *Darby*, the Court finds and concludes that the Bankruptcy Court properly disregarded the financial statements which valued Perdue's property on a going concern or cost of acquisition basis.

Bankruptcy Rule 810 provides as follows:

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witness."

■ The findings of a Bankruptcy Court will not be disturbed unless there are "cogent reasons appearing on the record to reject" those findings. *Wolfe v. Tri-State Insurance Co.*, 407 F.2d 16 (Tenth Cir. 1969); *Kansas Federal Credit Union v. Niemeier*, 227 F.2d 287 (Tenth Cir. 1955). From the record herein, the Court is unable to conclude that the findings of the Bankruptcy Court are clearly erroneous or that cogent reasons appear which require this Court to reject those findings. Accordingly, the Order and Judgment of the Bankruptcy Court is affirmed.