In re Jerry Ray WINGFIELD and Linda Wingfield, Debtors,

In re HAMMON FEEDER SUPPLY, INC., a corporation, Debtor,

ANDERSON, CLAYTON & CO., d/b/a Acco Feeds, Plaintiff/Appellant,

v.

Jerry Ray WINGFIELD, Linda Wingfield and Hammon Feeder Supply, Inc., Defendants/Appellees.

No. CIV–80–1086–D.

United States District Court, W. D. Oklahoma.

March 31, 1981.

John N. Hermes and Louis J. Price, Oklahoma City, Okl., for plaintiff/appellant.

John W. Donley, Weatherford, Okl., for defendants/appellees.

DAUGHERTY, Chief Judge.

This is an appeal by Appellant, Anderson, Clayton & Co., d/b/a ACCO Feeds (ACCO), from the Judgment filed herein on August 21, 1980, wherein the Bankruptcy Court determined that a debt owed ACCO by Appellees was dischargeable. The Bankruptcy Court further found that although Appellee Jerry Wingfield submitted materially false financial statements to ACCO, the debt was dischargeable as there was no reliance by ACCO and no intent to deceive by Appellees. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This appeal is taken in conformity with Bankruptcy Rules 801–814.

From the record before the Court, it appears that under a dealership arrangement Appellant sold Appellees feed products on credit and Appellees owed Appellant $31,-923.90 as a result thereof. In order to become a dealer for ACCO and obtain feed products on credit, Appellees submitted an application to ACCO on June 8, 1979. Appellant required that a financial statement be attached to said application but as Appellees did not have one available, it was agreed that Appellee would submit the application and send a financial statement later. ACCO then made certain shipments on credit of feed products to Appellees. Subsequently, Appellees submitted a financial statement purporting to accurately represent the financial condition of Appellee, Hammon Feeder Supply, Inc., as of January 31, 1979. Said financial statement was in fact for January 31, 1977, and Appellee Jerry Wingfield had altered the date to 1979. Appellant then objected to any discharge of Appellees under 11 U.S.C. § 523(a)(2).[1] Thereafter, the Bankruptcy

Court entered its "Amended Order Determining Debt to be Dischargeable" wherein the Bankruptcy Court found that:

1. These cases arise from the same transaction, involve common questions of fact and law and are consolidated by agreement of the parties and Order of the Court.

2. Defendants Jerry Wingfield and Linda Wingfield filed their Petition in Bankruptcy on February 5, 1980; defendant Hammon Feeder Supply, Inc. filed its Petition in Bankruptcy on April 14, 1980; and on May 22, 1980, an Order was made granting Jerry Ray Wingfield and Linda Wingfield a discharge in bankruptcy, subject to plaintiff's Complaint to Determine Dischargeability and for Judgment.

3. Plaintiff is engaged in the wholesale business of selling feed products. The defendants were in the retail business of selling feed products.

4. That on June 8, 1979, defendant Jerry Wingfield submitted an application to plaintiff on behalf of defendant Hammon Feeder Supply, Inc. to become a dealer for ACCO products. As part of such application, plaintiff required that a financial statement for defendant Hammon Feeder Supply, Inc. be submitted.

5. Shortly thereafter, defendant Jerry Wingfield, President and controlling person of Hammon Feeder Supply, Inc., submitted a written financial statement purporting to accurately reflect the financial position of defendant Hammon Feeder Supply, Inc. as of January 31, 1979.

6. The evidence was inconclusive as to whether the plaintiff relied on said financial statement in selling feed to defendants on credit and as of date of bankrupt-

---

1. 11 U.S.C. § 523(a)(2) reads:
 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
 . . . .
 (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; or

 (B) use of a statement in writing—
 (i) that is materially false;
 (ii) respecting the debtor's or an insider's financial condition;
 (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
 (iv) that the debtor caused to be made or published with intent to deceive; . . . .

cy defendants owed plaintiff $31,923.90 for feed purchased from plaintiff on credit.

7. Said financial statement was materially false, which fact was known by defendant Jerry Wingfield.

8. Defendants did not submit said financial statement to plaintiff with the intent to deceive plaintiff.

Based upon the above findings, the Bankruptcy Court determined that the entire debt owed ACCO by Appellees did not fall within the purview of 11 U.S.C. § 523(a)(2)(B) and therefore was dischargeable.

Bankruptcy Rule 806 requires an Appellant to designate the issues to be presented on appeal. In this connection, Appellant has designated the issues on appeal in its "Amended Statement of Issues" filed herein on August 25, 1980, to be as follows:

1. Whether the Order and Judgment of the Bankruptcy Court allowing discharge of plaintiff's debt was clearly erroneous.

2. Whether the finding of fact and conclusion of the [Bankruptcy Court] that the evidence was inconclusive as to whether plaintiff relied upon the financial statement in selling feed to defendants on credit is clearly erroneous and unsupported by the evidence.

3. Whether a debtor who knowingly gives a materially false financial statement to a creditor which induces a creditor to extend credit in reliance on such financial statement is entitled to discharge of that debt.

4. Whether the finding of fact and conclusion of the [Bankruptcy Court] that defendants did not submit the materially false written financial statement to plaintiff with the "intent to deceive" is clearly erroneous and unsupported by the evidence.

 In order for a false statement to be non-dischargeable under 11 U.S.C. § 523(a)(2)(B) there must be a showing of positive fraud or intentional misstatement on which the creditor relied and which was made by the debtor with the intent to deceive the creditor. *Matter of Vickers*, 577 F.2d 683 (Tenth Cir. 1978); *In re Houtman*, 568 F.2d 651 (Ninth Cir. 1978); *In re Taylor*, 514 F.2d 1370 (Ninth Cir. 1975). Any exception to the dischargeability of a debt under the Bankruptcy Act is to be strictly construed. *In re Houtman, supra; In re Taylor, supra.* In this connection the questions of "intent to deceive" and "reliance by the creditor" are questions of fact to be determined by the Bankruptcy Court. *Matter of Vickers, supra; In re Houtman, supra; In re Taylor, supra.* Furthermore, any determination of fact by the Bankruptcy Court is subject to appellate review under the "clearly erroneous" test. *In re Taylor, supra* ; Bankruptcy Rule 810.

In the instant case the Bankruptcy Judge heard all the evidence presented and determined that ACCO did not rely on the false financial statement in question as ACCO sent feed products to Appellees on credit prior to ACCO ever receiving said financial statement. The Bankruptcy Judge further determined that there was no intent to deceive ACCO by Appellees by sending the false financial statement. This was evidenced by the fact found by the Bankruptcy Judge that there was little difference in the financial condition of the Appellee company in the years 1977 and 1979. Appellee Wingfield apparently did not have a 1979 financial statement prepared so he sent the 1977 statement to ACCO as the financial condition of the Appellee company was similar in both years.

Bankruptcy Rule 810 provides as follows:

Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witness.

 The findings of a Bankruptcy Court will not be disturbed unless there are "cogent reasons appearing on the record to reject" those findings. *Matter of Vickers,*

*supra; Wolfe v. Tri-State Insurance Co.,* 407 F.2d 16 (Tenth Cir. 1969); *Kansas Federal Credit Union v. Niemeier,* 227 F.2d 287 (Tenth Cir. 1955); *In re Perdue Housing Industries, Inc.,* 437 F.Supp. 36 (W.D.Okla. 1977). From the record herein, the Court is unable to conclude that the findings of the Bankruptcy Court are clearly erroneous or that cogent reasons appear which require this Court to reject those findings. Accordingly, the "Amended Order Determining Debt to be Dischargeable" of the Bankruptcy Court is affirmed.