In the Matter of Kathleen O. CHIN, Debtor.

No. 83 Civ. 6709 (MJL).

United States District Court, S.D. New York.

April 16, 1984.

---

Law Clinics of S. Simpson Gray, P.C., Mount Vernon, N.Y., for appellant.

United States Trustee, S.D.N.Y., New York City, for appellee.

## MEMORANDUM OPINION AND ORDER

LOWE, District Judge.

Before us is an appeal from a decision by the Bankruptcy Court, per Judge Howard Schwartzberg ordering the debtor's attorney, Law Clinics of Mott & Gray, P.C., (hereinafter referred to as "appellant" or "Mott & Gray") to remit to the debtor $760 in improperly collected legal fee, and to pay $750 to the U.S. Trustee to defray legal costs, and denying Mott & Gray's cross-motion for attorneys' fees.

In the proceeding below, the U.S. Trustee (appellee herein) sought review of a fee arrangement between Kathleen Chin, the debtor, and Mott & Gray. The Trustee requested that Mott & Gray be ordered to refund to the debtor all fees paid to Mott & Gray in connection with its representation of the debtor in two Chapter 13 proceedings, a Supreme Court action, and a landlord-tenant proceeding. The Trustee further sought reimbursement for all costs incurred in connection with the application.

After three days of hearings on the facts, the Bankruptcy Court, on June 23, 1983, issued the decision challenged herein. The Court found several instances of misconduct and overreaching on the part of Mott & Gray, which in the Court's view, warranted an order of remittance pursuant to Bankruptcy Court § 329. According to the Court:

> [T]his debtor lost the benefit of the automatic stay in her first Chapter 13 case because the respondents never bothered to obtain an extension of the stay under Code § 362(e) or any similar protective order to toll the 30-day period that commenced upon the filing of the mortgagee's request for relief from the stay, notwithstanding several adjournments of the trial. Accordingly, the stay expired automatically thirty days after such request pursuant to Code § 362(e). Even without the failure on the part of the respondents to request an extension of the 30-day period, they probably would not have saved the debtor from losing her interest in her home because she did not appear to be financially able to cure the mortgage default and make the necessary plan payments. Indeed, she did not make any of the payments to the standing Chapter 13 trustee as required under her proposed plan. However, all of the additional legal maneuvering that the respondents subsequently conducted, and for which they charged the debtor additional legal fees, was occasioned by their own failure to extend the automatic stay while adjournments were sought by the debtor as well as the mortgagee.

When this court advised Mr. Gray, a member of respondents' firm, that the automatic stay had expired pursuant to Code § 362(e), he asked for a voluntary dismissal of the Chapter 13 case, which was granted without objection. However, he neglected to inform his client

that he had requested the dismissal. Instead, Mr. Gray told the debtor that *the court* dismissed her case.

Decision of Bankruptcy Court ("Decision") at 31 B.R. 314, 321, 16–17.

Mr. Gray then filed a second Chapter 13 case. The Bankruptcy Court found that respondent must have known this second case would be futile since there had been no change in the debtor's financial condition, and it was clear that the debtor was not financially able to proceed. Decision at 18. The Court found that appellant's sole concern was for collecting another fee. *Id.* However, Mr. Gray did not receive full payment from the debtor for the second Chapter 13 proceeding. As a result, instead of applying to withdraw as counsel, Mr. Gray "took it upon himself to characterize the very petition he filed in her behalf as having been filed in bad faith, and sought to undermine the position of his own client by a unilateral request for dismissal of the second Chapter 13 petition." Decision at 12.

Notwithstanding the imposition of a "new" automatic stay upon the filing of the second Chapter 13 petition on September 3, 1982, a sale of the debtor's home took place on September 14, 1982. By order to show cause returnable October 5, 1982, the appellant sought to set aside the sale as a violation of the automatic stay. The Court refused to set aside the sale on the ground that the debtor had no interest in the property at the time the petition was filed because a judgment of foreclosure and sale had been entered against the property on March 30, 1982. Decision at 11. Instead of appealing the decision of the Bankruptcy Court, appellant applied to state court to undo the sale. After one or two hearings in Supreme Court the application was denied. In addition, appellant brought a landlord-tenant action in City Court, Rye, New York, in an attempt to defeat an eviction proceeding and keep the debtor in possession of her house.

On appeal, Mott & Gray, argues that it did make oral application to the court for an extension of the 30-day period, and that such application was denied. According to Mott & Gray, this was the reason that it requested dismissal of the first Chapter 13 Petition. Thereafter, the second Chapter 13 Petition was filed in order to obtain a new automatic stay and protect the debtor's property from the foreclosure sale. Mott & Gray claims that contrary to Judge Schwartzberg's findings, the firm did not know that the debtor would not be financially able to succeed when the second Chapter 13 Petition was filed. It contends that there was a change in the debtor's physical condition, and thus in her earning capacity. Finally, Mott & Gray take issue with Judge Schwartzberg's finding that the firm characterized the second Petition as having been filed in bad faith. Rather, the firm stated that the debtor was acting in bad faith by her failure to pay the full amount of attorneys' fees.

Appellee argues that the Bankruptcy Court properly resolved a conflict in testimony in favor of the debtor. In response to appellant's claim that it made an oral application for an extension of stay, appellee argues that the application was not made in accordance with the provisions of 11 U.S.C. § 362(e). Further, although the record establishes that the debtor had been hospitalized and was still confined to her home at the time the thirty-day period expired, appellant did not attempt to document these facts and present them to the Bankruptcy Court as grounds for an extension of the stay. Instead, Mott & Gray requested that the first Petition be dismissed and charged the debtor for the filing of a second petition. Appellant argues that this is just one of many acts on the part of Mott & Gray which indicates that Gray's only concern in this case was its fees." Appellee's Memorandum of Law at 5. Thus appellee urges this Court to affirm the finding of the Bankruptcy Court that appellant is guilty of misconduct and overreaching and its order directing appellant to remit legal fees. However, appellee contends that the full amount of legal fees paid to Mott & Gray by the debtor, $2,495,

should be remitted and not just the $760 ordered by the Bankruptcy Court.[1]

As set forth below, the Court finds that the decision of the Bankruptcy Court ordering remittance of $760 in fees and $750 in costs should be affirmed, and the case remanded for further consideration as to remittance of additional fees.

■ There is no real question as to whether the Bankruptcy Court applied the proper legal principles in this case. 11 U.S.C. § 329(b) authorizes the Bankruptcy Court to deny compensation to a debtor's attorney, to cancel an agreement to pay compensation, or to order return of the compensation paid if "such compensation exceeds the reasonable value of any such services." The Bankruptcy Court concluded that because the filing of the second Petition was occasioned by the appellant's own failure to extend the automatic stay in the first proceeding, and because the second petition was filed in bad faith with no hope of succeeding, appellant should be required to return the compensation it received in connection with the filing of the second petition. Appellant does not challenge the authority of the Bankruptcy Court to order remittance of legal fees upon a finding of bad faith on the part of a debtors' attorneys. Rather, appellant

seeks to reverse the factual findings of the Court.

■ It is well established that the reviewing court must defer to findings of facts made in a bankruptcy proceeding, unless they are "clearly erroneous". *In Re Martin,* 698 F.2d 883, 885 (7th Cir.1983). In this case, there is ample evidence on the record, including the debtor's testimony which the Bankruptcy Court apparently found to be credible, to support the Court's findings that Mott & Gray made misrepresentations to the debtor, did not act competently in seeking to obtain an extension of the automatic stay in the first action, and filed the second petition in bad faith in order to collect additional fees. Although we have two minor differences with the findings of the Bankruptcy Court, these differences do not effect the outcome.[2] Therefore, this Court will not disturb the ultimate factual findings of the Bankruptcy Court or its conclusion that Mott & Gray should be required to remit the $760 paid by the debtor in connection with the second Chapter 13 petition.

■ There remains the question of whether the Bankruptcy Court should have ordered remittance of the additional fees paid by the debtor to Mott & Gray in connection with the filing of the first Chap-

---

1. A summary of the fees that were actually paid by the debtor to the Mott & Gray firm is as follows:

First Chapter 13 Case

| | |
|---|---|
| Fee for Petition | $ 660 |
| Fee for adversary proceeding | 350 |

Second Chapter 13 Case

| | |
|---|---|
| Fee for Petition (partial down payment) | 160 |
| Payment towards balance | 500 |
| " " " | 300 |
| " " " | 200 |
| Order to Show Cause | 100 |
| Landlord-Tenant Appearances | 225 |
| | $2,495 |

　　　* Later applied to the State
　　　　Supreme Court action.

　Decision at 14.

2. The Bankruptcy Court found that Mr. Gray characterized the second Chapter 13 Petition as

having been filed in bad faith. The Court relies on the Affidavit filed in support of Mott & Gray's motion to dismiss the second petition. Therein, Mr. Gray states that the "debtor is clearly acting in bad faith." Decision at 13. However, we think that when this statement is read in light of the paragraphs preceding it, it is clear that Mr. Gray is claiming that the debtor acted in bad faith in not paying her attorneys, and not in the filing of the petition. The fact remains, however, that instead of seeking to withdraw as counsel, the appellant had the petition dismissed.

The Bankruptcy Court also found that appellant did not seek an extension of the automatic stay in the first Chapter 13 proceeding. From the transcript of an August 12, 1982 hearing, it appears that appellant may have sought an oral extension of the stay. However, the response of the Bankruptcy Court makes clear, the request was not made in a timely manner since the stay had "long been lifted." See Mott & Gray's Post Trial Memorandum at 10, Decision at 8.

ter 13 Petition, the adversary hearing held in the first Chapter 13 case, and other activities in State Supreme Court and City Court with respect to the property which was the primary subject of the two Chapter 13 cases. Because the Bankruptcy Court failed to explicitly address this issue, we are at somewhat of a disadvantage in reviewing the decision. Apparently, the Court found that the compensation received in the other proceedings, was commensurate with the reasonable value of the services rendered. However, such a finding is somewhat puzzling in light of the Court's findings that the debtor lost the benefits of automatic stay in her first Chapter 13 case because respondents failed to properly seek an extension, and that all of the subsequent legal maneuvering by respondents (including the state and city court proceedings) were caused by respondent's own failure to extend the stay. In light of what appears to be a possible inconsistency in the findings of the Bankruptcy Court, we believe that a remand on the issue of the amount of fees ordered remitted is appropriate. On remand the Bankruptcy Court shall reconsider its decision to require appellant to remit only those fees collected in connection with the second Chapter 13 proceeding, and fully set forth the reasons for its decision.

With respect to the $760 legal fees which the Bankruptcy Court ordered remitted and the $750 of costs, payment shall be made by the appellant forthwith.

It Is So Ordered.