**In re Bruce Douglas WRIGHT, SS#: 422–78–6515 Nancy Jo Wright, SS#: 246–08–1306, Debtors.**

**Bankruptcy No. S–84–01420–3.**

United States Bankruptcy Court, E.D. North Carolina.

April 5, 1985.

Austin B. Campbell, Fayetteville, N.C., for debtors.

## ORDER DENYING ATTORNEY'S FEES AND REQUIRING AUSTIN B. CAMPBELL TO PAY $500 TO DEBTORS

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the court upon the court's order of March 25, 1985 setting a hearing for Austin B. Campbell to show cause as to why Mr. Campbell's attorney's fees should not be examined, why the reasonable value should not be determined, and why the value should not be recovered by the estate. The hearing was held in Raleigh, North Carolina on April 1, 1985.

### FACTS

This joint chapter 7 case was filed on October 10, 1984 by Bruce Douglas Wright and Nancy Jo Wright. The debtors failed to timely file: (1) the statement of current income and current expenses (11 U.S.C. § 521(1)); (2) debtors' statement in Official Form No. 1 (Bankruptcy Amendments and Federal Judgeship Act of 1984, § 322); and (3) attorney's affidavit required by Official Bankruptcy Form No. 1. A show cause order was entered on November 2, 1984 and an order entered on November 28, 1984 directing the debtors to file the missing documents.

Mr. Wright filed a statement of current income and expenses on December 11, 1984. The statement reflected a disposable income of $553 per month, and the court caused a "Notice of Possible Dismissal of Case for 'Substantial Abuse' Pursuant to 11 U.S.C. § 707(b)" to be issued on January 4, 1985. On January 14, 1985, Mr. Wright filed a response which began, "I am being represented by Austin B. Campbell and have received little or no assistance from him or his staff."

A "substantial abuse" hearing was held on February 4, 1985, at which Mr. Wright appeared without counsel. Mr. Wright amended his statement of current income and expenses and an order was entered on

February 6, 1985 holding that Mr. Wright's case should not be dismissed pursuant to 11 U.S.C. § 707(b).

Mr. and Mrs. Wright are now divorced, and Mrs. Wright filed a separate statement of income and expenses on February 14, 1985. In addition, Mrs. Wright wrote to the Clerk's Office to advise the court that she believed that she and Mr. Wright had not been properly represented by Mr. Campbell. The court then set the hearing to examine Mr. Campbell's fees. Notice of the hearing was served by the Clerk's Office on Mr. Campbell on March 25, 1985 by mail.

Mr. Campbell did not appear at the hearing on April 1, 1985 and has not contacted the court to explain his failure to appear.

Mrs. Wright did appear at the April 1, 1985 hearing and testified that Mr. Campbell had not attended the debtors' meeting of creditors which was held on November 29, 1984. She further testified that, although the debtors had paid Mr. Campbell $500, he had ignored their requests for assistance and had, in effect, left them to appear in the case on their own.

The court finds that the debtors did not receive proper representation in this case and that the reasonable value of Mr. Campbell's services is nothing.

### DISCUSSION AND CONCLUSIONS

The bankruptcy court may, on its own motion, or on the request of a party in interest, examine the compensation paid or agreed to be paid to counsel for the debtor. 11 U.S.C. § 329. *In the Matter of Chin,* 47 B.R. 894, 11 B.C.D. 1252 (D.C.S.D.N.Y. 1984). If the compensation exceeds the reasonable value of the attorney's services, the court may order the return of any excessive payment. § 329(b).

This case, filed on October 10, 1984, was one of the first cases in which the requirements of the Bankruptcy Amendments and Federal Judgeship Act of 1984 were applicable. Counsel's failure to satisfy the new filing requirements by itself might not be

enough to justify disallowance of all attorney's fees. Mr. Campbell, throughout this case, however, has shown a complete disregard for his obligations to the debtors.

Mr. Campbell did not assist the debtors in the preparation of their statements of current income and expenses, did not represent them at the meeting of creditors, did not appear at the hearing to determine substantial abuse, and did not appear at the hearing to examine his fees. There is nothing before the court to justify compensation in any amount.

■ By voluntarily filing a bankruptcy petition, an individual receives the protection of the bankruptcy court and the benefits of the bankruptcy laws designed to give the debtor a "fresh start." The filing of the petition also imposes upon the debtor significant obligations and exposes the debtor to public examination of his affairs. A debtor is required to reveal all the details of his financial condition, to make a complete disclosure of prior financial transactions, and to submit to examination by the trustee and creditors under oath. A debtor's disclosure of information may have implications with respect to the debtor's discharge, the dischargeability of debt, the entitlement to exemptions, the determination of "substantial abuse," and possible criminal prosecution. Debtors who must make complete disclosure and who must submit to examinations under oath are vulnerable, and it is not surprising that most debtors, at least in this district, seek the assistance of bankruptcy counsel to guide them through the process. Debtors seek this assistance not only to insure both compliance with the spirit and the letter of the law, and to receive protection of their rights, but also to allay the fears, anxieties, and suspicions which debtors understandably feel when facing the unpleasant experience of bankruptcy.

Debtors who retain bankruptcy counsel are entitled to more than just a petition and some of the required schedules. Under Local Bankruptcy Rule No. 9010.2, EDNC,

Any attorney who files a bankruptcy petition for or on behalf of a debtor shall remain the attorney of record for all purposes including the representation of the debtor in all matters that arise in conjunction with the proceeding until the case is closed or the attorney is relieved upon application and Court order.

■ Attorneys who, after filing the petition, are indifferent to the needs of their clients are not entitled to compensation. Mr. Campbell is entitled to no compensation and must return the $500 which he has been paid. *In re Wilson*, 11 B.R. 986, 7 B.C.D. 1050 (Bankr.S.D.N.Y.1982).

■ 11 U.S.C. § 329(b) provides that the excess compensation may be returned to the trustee, if the recovered fee would have been property of the estate (or was to be paid under a chapter 11 or chapter 13 plan), *or* to the entity that made such payment. In this case, it is appropriate to return the proceeds to Mr. and Mrs. Wright. A review of the debtors' schedules indicates that the $500 amount could be claimed as exempt. *In re Wilson*, 694 F.2d 236 (11th Cir.1982). Counsel's failure to properly represent the debtors resulted in extra court appearances for both Mr. Wright ("substantial abuse" hearing) and for Mrs. Wright (hearing to examine fees). Furthermore, the obvious anxiety and frustration experienced by Mr. and Mrs. Wright in their appearances before this court were compounded by the fact that they were left adrift to navigate the treacherous waters of bankruptcy without rudder or keel. Debtors have the right when they retain an attorney to represent them to receive the guidance, counsel, and support for which they pay. Mr. and Mrs. Wright did not receive that in this case. Accordingly,

**IT IS HEREBY ORDERED** that counsel for the debtors, Austin B. Campbell, is entitled to no compensation for attorney's fees; and

**IT IS FURTHER ORDERED** that within 10 days of the date of this order, Mr. Campbell shall pay $250 to Bruce Douglas Wright (P.O. Box 70456, Fort Bragg, N.C. 28307–5000) and $250 to Nancy Jo Wright (120–B Aspen Avenue, Spring Lake, N.C.

28390), and that the debtors are directed to notify the Bankruptcy Clerk's office if these sums are not paid.