**In re Jonathan HUDSON and Joyce Ann Hudson, Debtors.**

**Bankruptcy No. 85–00236.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 4, 1986.

**74**

L. Douglass McCrury, Toledo, Ohio, for debtors.

John J. Hunter, Toledo, Ohio, Trustee.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court pursuant to the Order of this Court dated December 10, 1985, wherein the Debtors were Ordered to submit a final amended Schedule of Current Income and Current Expenses (hereinafter referred to as the Schedule). The Debtors have submitted such an amendment along with the explanations they wish the Court to consider. The Court has reviewed the amended Schedule, the accompanying documents, and the entire record in this case. Based upon that review and for the following reasons the Court finds that this case should be dismissed.

### FACTS

In the prior Memorandum Opinion and Order of this Court, *see, In re Hudson,* 56 B.R. 415 (N.D. Ohio 1985), this Court made certain findings of fact relative to the income and expense schedules that had been previously filed by the Debtors in this voluntary Chapter 7 case. Those findings were made from a hearing that was conducted for the purpose of determining whether or not this case should be dismissed under the provisions of 11 U.S.C. Section 707(b). As a result of the prior Order, the Debtors were afforded the op-portunity to file a final Schedule which would be used in making that determination. Except as modified by this Order, the Court adopts, for purposes of this Order, those findings made in the prior Order.

A review of the Debtors' Amended Schedule finds that their combined monthly income is Two Thousand One Hundred Fifty-seven and no/100 Dollars ($2,157.00). It appears that this figure incorporates the adjustment noted in Item VI, Note A of the Court's prior Order relative to the Wife's employment. The review also finds that the Debtors list the following monthly expenses:

| | |
|---|---:|
| Rent | $ 325.00 |
| Electricity | 60.00 |
| Water | 17.00 |
| Heat | 195.00 |
| Telephone | 18.00 |
| Food | 600.00 |
| Clothing | 100.00 |
| Laundry | 30.00 |
| Newspapers & Books | 30.00 |
| Medical | 90.00 |
| Transportation | 160.00 |
| Insurance | 75.00 |
| Other | |
| Haircuts | 90.00 |
| Tobacco | 100.00 |
| Church | 25.00 |
| Rent for Stove | 67.00 |
| Daughter's Tuition | 69.00 |
| Son's College Tuition | 160.00 |
| Reaffirmation | 189.00 |
| Payment of Delinquent Debts | 100.00 |
| Total Monthly Expenses | $2.500.00 |

It should be noted that the amount listed for heat includes a budgeted amount that will be used to pay arrearages which have accrued since the filing of the Petition. It should also be noted that the transportation expense includes an amount that will be used to pay for repairs to the Debtors' vehicle.

### LAW

As set forth in the Prior Opinion and Order, the determination which must be made is whether or not the granting of relief would, under the circumstances of this case, be a substantial abuse of Chapter 7 of Title 11. The primary focus of that determination is on whether or not the

Debtors' income would allow them to pay a substantial portion of their debts if done under the auspices of a Chapter 13 Plan. The review may, however, consider other factors. *See, In re Hudson*, supra.

A review of the Amended Schedule finds that the Debtors' monthly expenses exceed their monthly income by approximately Three Hundred Fifty and no/100 Dollars ($350.00). It also finds that there are significant discrepancies between the figures in this Schedule and the schedule cited in the Court's prior Opinion. In addition to the prior obligation which the Debtors listed in their earlier schedules, they have added expenses for the son's college education, and an allotment to pay bills which have already become delinquent.

The Debtors' indication of deficit spending casts considerable doubt upon the credibility of the current Schedule. This doubt is compounded by the fact that many of the expenses appear to be excessive. The Court is cognizant of the economic conditions which prevail in this geographic area, and is very familiar with the expenses associated with raising a family. In light of this knowledge, it appears that the Debtors' expenses do not conform with what an average family of five persons might reasonably expect to spend in order to maintain a reasonable standard of living, particularly with regard to food, newspapers, periodicals, books, haircuts, tobacco, and church.[1] This is made especially apparent in light of the fact that the son attending college resides at the Debtors' home only on weekends.

The Debtors' schedule of obligations reflect, after the inclusion and deletion of amendments to these schedules, unsecured obligations which total Ten Thousand Seven Hundred Eighteen and 70/100 Dollars ($10,718.70). This figure includes both priority debts and secured debts which have become unsecured during the course of this case. The Debtors have reaffirmed the obligation to the one remaining secured creditor, and have included the monthly payment in their budget.

For the purposes of discussion, for example, seventy percent of their unsecured debt, the amount which determines whether or not a Chapter 13 constitutes a composition, is Seven Thousand Five Hundred Three and 09/100 Dollars ($7,503.09). At the current rate, a Chapter 13 Trustee's fees and expenses on that amount would be Seven Hundred Fifty and 30/100 Dollars ($750.30). When added to seventy percent of the unsecured debt, the figure would total Eight Thousand Two Hundred Fifty-three and 39/100 Dollars ($8,253.39). If paid over sixty months, a 70% Chapter 13 Plan would require a monthly payment of approximately One Hundred Thirty-seven and 55/100 Dollars ($137.55). In light of this information, it appears that the Debtors would be able to satisfy the terms of such a Plan even if they were to reduce only those expenditures which the Court has suggested as being excessive. Since it appears that the Debtors' income and expenses, if accurately portrayed on the Schedule, would allow the Debtors to support a Chapter 13 Plan without imposing an undue hardship on themselves or their dependants, it must be concluded that the granting of relief in this case would constitute a substantial abuse of Chapter 7.

The Court, in reaching this conclusion, has not addressed the issue of whether or not the Debtors have prosecuted this case in good faith. The failure to disclose all of

---

1. For example, the food expenses would, if the eldest son resided at home fulltime, be approximately $28.00 per person per week. A subscription to the local newspaper is approximately $15.00 each calendar quarter, or approximately $4.60 per month. The remaining $23.40 of the $30.00 per month listed by the Debtors is unaccounted for. Haircuts can be obtained more cheaply than the Debtors indicated. The expense for tobacco currently allows for $3.33 per day, or approximately three packs of cigarettes per day. Furthermore, this Court does not favor, during the course of its Chapter 13 cases, the contribution of funds to non-profit institutions for the main reason that these contributions are not included in the provisions of Section 1325, particularly Section 1325(b)(1) and (2). There is no reason why this prohibition should not be applied when considering a debtor's income and expenses for Section 707(b) purposes.

the prior bankruptcy petitions, the continued discrepancies between the Schedules, the apparent deficit spending, and the excessive monthly expenditures all place into serious question the Debtors' good faith and credibility. In addition, it appears that the Debtors have not availed themselves of the benefit afforded to them by their experience in prior cases. As a result, the perception which is given by the filing of this case is that the Debtors are using the Bankruptcy system in a manner inconsistent with the purpose of the Bankruptcy Code, giving rise to a Section 707(b) dismissal.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that this case be, and is hereby, DISMISSED.