### In re Robert BARNIKOW and Denise Barnikow, Debtors.

#### Bankruptcy No. 5-95-01314.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes-Barre Division.

July 16, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

Timothy Fisher, Mt. Pocono, PA, for debtors.

Mark Conway, Scranton, PA, Trustee in Bankruptcy.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The United States Trustee has filed a Motion for Reconsideration of an Opinion and Order dated July 16, 1996 which denied the United States Trustee's Motion to Dismiss under 11 U.S.C. § 707(b) for substantial abuse. For the reasons provided herein, the Motion for Reconsideration is denied.

■ When confronted with a Motion for Reconsideration, this Court finds the following in *Garden City, Kan. v. Oles*, 130 B.R. 578 (D. Kan.1991):

A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D.Kan.1990); *Taliaferro v. City of Kansas City*, 128 F.R.D. 675, 677 (D.Kan.1989). An improper use of the motion to reconsider "can waste judicial resources and obstruct the efficient administration of justice." *United States*

*ex rel. Houck v. Folding Carton Administration Committee*, 121 F.R.D. 69, 71 (N.D.Ill.1988). Thus, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider. *Renfro v. City of Emporia*, 732 F.Supp. 1116, 1117 (D.Kan.1990); *Butler v. Sentry Insurance*, 640 F.Supp. 806, 812 (N.D.Ill.1986).

■ Additionally, "A Rule 59(e) motion is available to correct a broad range of alleged errors, including a 'relitigat[ion][of] the original issue,' *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988) or a correction of 'judicial errors,' otherwise confined to appeals. *Campfire Shop*, 71 B.R. at 524." *In re Tuan Tan Dinh*, 90 B.R. 743 (Bankr.E.D.Pa.1988) *citing* 90 B.R. at page 745, *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988), and *In re Campfire Shop, Inc.*, 71 B.R. 521, 523–24 (Bankr. E.D.Pa.1987).

The initial argument made by the Trustee is that this Court based its decision on a companion case of *In re Zaleta*, 211 B.R. 178 (Bankr.M.D.Pa.1997), which was wrongly decided. (A copy of the *Zaleta* Opinion is attached.)* The Trustee argues that this Court misinterpreted a holding of Judge Robert Woodside in the case of *In re Findley*, Case No. 1–89–00301 (Bankr.M.D.Pa. June 21, 1990), when we wrote that the *Findley* court adopted the approach taken by the court in *In re Kelly*, 841 F.2d 908 (9th Cir. 1988) concerning how that court defined "substantial abuse." The Trustee contends that Judge Woodside clearly rejected *Kelly* in favor of the "totality of circumstances" approach adopted by courts such as *In re Krohn*, 886 F.2d 123 (6th Cir.1989) and *In re Green*, 934 F.2d 568 (4th Cir.1991).

■ The Trustee is misinterpreting the *Barnikow* and *Zaleta* holdings. This Court did not follow or adopt the entire reasoning of Judge Woodside in *In re Findley*, when rendering the decision in *Zaleta*. This Court clearly set forth in both *Zaleta* and the instant case, its holding that, unless a debtor was able to repay *all* of his/her creditors

* Editor's Note: The *Zaleta* opinion appears at 211 B.R. 178, for publication purposes.

within a reasonable time from disposable income, then a motion under Section 707(b) would be denied.

The Trustee also argues that the *Zaleta* opinion is based upon two faulty notions. First, if the Court were to dismiss this case because the Debtors could put forth a Chapter 13 plan, then it would indirectly create an involuntary Chapter 13. Secondly, the Court was wrong in indicating that a debtor has an unfettered right to choose the chapter under which he/she may seek bankruptcy relief. I have thoroughly reviewed these arguments prior to disposing of this Motion for Reconsideration. I stand by my legal reasoning and reject the position of the Trustee in that regard. Moreover, our reasoning is directly addressed in legislative history which provides:

> The section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy. The Committee has rejected that alternative in the past, and there has not been presented any convincing reason for its enactment in this bill.

House Report No. 95–595, 95th Cong., 1st Sess. 380 (1977); Senate Report No. 95–989, 9th Cong., 2d Sess. 94 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5880, 6336, *reprinted in* 1997 Collier's Pamphlet Edition Bankruptcy Code 790.

This Court's rationale is sufficiently set forth in the *Zaleta* case and will not be repeated here.

Finally, the Trustee indicates that the Court misapplied its own holding by indicating that in an attempt to amortize Forty–Five Thousand Dollars ($45,000.00) in unsecured debt, with an interest rate at 12%, the payments would barely reduce the principal balance and rarely cover the interest. The amortization schedule provided by the Trustee indicates that over a three-year, thirty-six month payment schedule at 12% interest, approximately Twelve Thousand Seven Hundred Twenty–Nine Dollars ($12,729.00) would be paid on the principal with Fourteen Thousand Dollars ($14,000.00) paid on interest. This Court never forces a Chapter 13 debtor to file a five-year plan and, based upon a normal three-year plan, the Court finds that those numbers fall well within its holding that the term "ability to pay" means the debtor's ability to repay *all* of his/her creditors within a reasonable time from disposable income.

Finally, the Trustee makes policy arguments on pages 5, 6, 7 and 8 of his brief in support of the Motion for Reconsideration. While the Court understands and can appreciate the Trustee's position, it nonetheless rejects them. Based upon the foregoing, the Court finds no reason why it should reconsider its prior ruling in the instant case because it has not made errors in findings of fact or misinterpreted the law as applied to those facts.

The Motion for Reconsideration is hereby denied.