**In re Anthony A. ZALETA and Marsha A. Zaleta, Debtors.**

**Bankruptcy No. 5–95–01250.**

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 16, 1997.

Carl J. Greco, Scranton, PA, for debtors.

Gregory Lyons, Office of U.S. Trustee, Harrisburg, PA, movant.

Mark Conway, Scranton, PA, Trustee in Bankruptcy.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On August 11, 1995, Debtors, Anthony A. Zaleta and Marsha A. Zaleta, filed a voluntary petition seeking relief under chapter 7 of the United States Bankruptcy Code. On November 24, 1995, the U.S. Trustee filed the subject motion to dismiss the case pursuant to 11 U.S.C. § 707(b).

■ Due to what was perceived as a growing number of bankruptcies filed by people who were not "needy", the Bankruptcy Code was amended in 1984 so that debtors no longer had unfettered access to voluntary chapter 7 relief. *In re Walton*, 866 F.2d 981 (8th Cir.1989). Section 707(b) was added to allow the court or trustee to move for a dismissal if relief would constitute a "substantial abuse" of the system. 11 U.S.C. § 707(b). The term "substantial abuse" is not defined, and is left to the courts' discretion.

11 U.S.C. § 707(b) provides, in its entirety, as follows:

### § 707. Dismissal.

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

■ "The provision was added to chapter 7 in response to concerns that some debtors who could pay their creditors might resort to chapter 7 to avoid their obligations." 4 Collier on Bankruptcy, 15th Ed., ¶ 707.04 at p. 707–15.

The first issue is how this court will define substantial abuse. The court must then decide whether the filing of chapter 7 constitutes substantial abuse.

Courts differ on how to define "substantial abuse." The majority of courts consider the ability of the debtor to repay debts for which a discharge is sought to be the primary factor. *In re Kelly*, 841 F.2d 908 (9th Cir. 1988). In *Kelly*, the court wrote "[W]e hold that the debtor's ability to pay his debts when due, as determined by his ability to fund a chapter 13 plan, is the primary factor to be considered in determining whether granting relief would be a substantial abuse." *Id.* at p. 914. In *In re Walton*, the court also held that the ability to pay debts is the essential factor in determining substantial abuse. *In re Walton, supra.*

Other courts have taken a slightly different approach than *Kelly* and *Walton, supra.* In *In re Krohn*, 886 F.2d 123 (6th Cir.1989), the court held that one must take into account the totality of the circumstances. The court focused on the debtor's honesty and good faith in addition to the debtor's ability to repay. The court in *In re Green*, 934 F.2d 568 (4th Cir.1991), took a similar approach to *Krohn* and stated, "We are not persuaded by the *Kelly* court's reasoning ... that the debtor's ability to repay is a principal factor to be considered in determining substantial abuse...."

My fellow judge in *Harrisburg* adopted the *Kelly* approach in the case of *In re Findley*, Case No. 1–89–00310 (Bkrtcy.M.D.Pa. June 21, 1990, Woodside, J.). The *Findley* court wrote, "[T]he debtor's ability to pay a significant amount towards the repayment of this (sic) debts is a primary consideration in determining whether the Chapter 7 filing constitutes a substantial abuse...." *In re Findley*, supra, at p. 3.

■ I agree with the majority of jurisdictions that the debtor's ability to pay is the appropriate approach to use in this instance. As the court in *In re Grant*, 51 B.R. 385 (Bkrtcy.N.D.Ohio 1985) wrote, allowing a debtor to escape debts that he has the ability to repay would provide a "head start" rather than the "fresh start" envisioned in chapter 7.

However, merely stating that substantial abuse is measured by the debtor's ability to pay is far too vague a definition. The *Kelly* court described it by holding that the ability to pay is measured by the debtor's ability to fund a chapter 13 plan. This approach is not acceptable because not every debtor qualifies for chapter 13. Furthermore, chapter 13 confirmation standards differ in every jurisdiction. [Contrast *In re Chaffin*, 4 B.R. 324 (Bkrtcy. D. Kan.1980) and *In re Terry*, 3 B.R. 63 (Bkrtcy.W.D.Ark.1980) where the court confirmed a zero or minimal pay chapter 13 plan to *In re Burrell*, 2 B.R. 650 (Bkrtcy.N.D.Ca.1980) and *In re Raburn*, 4

B.R. 624 (Bkrtcy.M.D.Ga.1980) where a seventy percent (70%) plan was required.]

Moreover, Congress has made it quite clear that an individual should not be involuntarily compelled to be in chapter 13. 11 U.S.C. § 303. If this court were to dismiss this bankruptcy because of what the Debtors could provide in chapter 13, we would indirectly compel the Debtors to file such a chapter in order to obtain bankruptcy relief.

Therefore, I conclude the appropriate approach in describing the term "ability to pay" is to look at the debtor's ability to repay all of her or his creditors within a reasonable time from "disposable income".

Disposable income is defined as

[I]ncome which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business. 11 U.S.C. § 1325(b)(2).

The U.S. Trustee claims that the Debtors have in excess of Seven Hundred Dollars ($700.00) beyond their reasonably necessary expenses. The outstanding unsecured debt in this case approximates Thirty–Six Thousand Dollars ($36,000.00) and the secured debt is in excess of Forty–Four Thousand Dollars ($44,000.00). At twelve percent (12%) interest, it would take approximately six (6) years to pay the unsecured debt alone. While this may be possible, I need not analyze it further since I conclude the Debtors do not have this Seven Hundred Dollars ($700.00) available.

The U.S. Trustee claims that the Debtors have in excess of Seven Hundred Dollars ($700.00) beyond their reasonable and necessary expenses. The Trustee argues that the following expenses are unreasonable; Three Hundred Dollars ($300.00) per month to support a 20 year old daughter, Three Hundred Twenty–Five Dollars ($325.00) per month for day care, and approximately One Hundred Twenty–Five Dollars ($125.00) per month as a cushion for future expenses. The issue is whether the above expenses are reasonably necessary. If they are reasonable expenses, there is no excess money to repay the debts and, hence, no substantial abuse. Although the U.S. Trustee alleges that the above expenses are unreasonable, I disagree.

■ The U.S. Trustee alleges that Three Hundred Dollars ($300.00) a month to support the Debtors' 20 year old daughter, who does not live at home, is an unreasonable expense and should be used to pay off creditors.

In *In re Braley,* 103 B.R. 758 (Bkrtcy. E.D.Va.1989), the U.S. Trustee made a motion to dismiss the chapter 7 for substantial abuse. The Trustee argued that there were unreasonable monthly expenses, including support of an adult child. The court denied the motion to dismiss and responded to the Trustee by stating:

We can nit-pick family expenditures to death. How much should one spend on shaving cream [and these items came up at the hearing], sodas, candy, lunches, church, laundry and cleaning, etc.? The basic factual issue for the discretion of the Court to set upon is whether the total picture is abusive. Clearly, there are some monthly expenditures quite out-of-line for the norm. But should the debtors be denied entry down the yellow brick road? Are extravagant people to be barred from bankruptcy? ... The factual problem is that the U.S. Trustee wishes, without malice aforethought, to impose its mindset on the lives of those who file bankruptcy. For instance, there are two children in the Braley home. One is unemployed and in its Motion To Dismiss the case for substantial abuse they argue, "U.S. Trustee believes that the Debtor is not legally responsible for the health and welfare of this son." I can't wait to get home and tell this to my son who just turned eighteen! Dear Trustee, there may be good reason for keeping them home after they reach their majority. We do not know what the Braley story is, but we say with great emphasis that a family has the basic human right of keeping at home even a problem child, if that's

the case (footnote omitted). The sociological significance is frightening ... *Id.* at p. 760.

The reasonableness of supporting a child of legal age was addressed in *In re Wegner,* 91 B.R. 854, 859 (Bkrtcy.D.Minn.1988). The trustee, in that case, asserted that the debtors had "no legal obligation to support their adult children and did so at the expense of creditors." However, the court denied the motion to dismiss and held that the debtors were "motivated by charity and a sense of moral, if not legal, responsibility for their family, not by any attempt to enrich themselves or deprive their creditors." *Id.* at p. 859. Similarly in our situation, the Debtors were not attempting to deprive creditors, but were motivated by the moral obligation to support family members.

Furthermore, the Bankruptcy Code contains evidence which demonstrates that support of family members is of value and should be encouraged. Section 523 makes alimony, child support and, in some instances, property settlements, non-dischargeable debts. Section 507 gives alimony and support an eighth priority on the distribution scheme. In addition, the automatic stay does not apply to certain actions to collect alimony and support. 11 U.S.C. § 362(b)(2). Using funds to support one's immediate family is certainly encouraged by the spirit of the Code.

The U.S. Trustee did not prove that support of this family member is so unreasonable as to override the presumption in favor of granting a discharge.

I therefore accept that Three Hundred Dollars ($300.00) per month in support of the Debtors' 20 year old daughter is reasonably necessary despite the fact that this daughter is residing outside the household.

■ The U.S. Trustee does not object to the cost of the child care as an unreasonable price. However, they do challenge this expense because it is a future cost. The U.S. Trustee asserts that future anticipated costs should not be factored in with current expenses. However, case law demonstrates that future expenses are relevant to the debtor's ability to repay. "Chapter 7 relief is available to those persons whose pleadings ... and other relevant information reflect a need for the relief being sought because the Debtors are now suffering or will suffer in the near future...." [Emphasis ours.] *In re Renner,* 70 B.R. 27, 29 (Bkrtcy.D.N.D. 1987) citing *In re Edwards,* 50 B.R. 933 (Bkrtcy.S.D.N.Y.1985). In the case at bar, there was testimony that the Debtors will probably no longer receive free child care and will have to pay for it. The U.S. Trustee offered no evidence to contradict this nor did the U.S. Trustee present evidence that the child will not require day care.

Moreover, if the U.S. Trustee is taking into account future income, it only seems consistent to also look at future expenses.

■ Finally, this court must decide whether the One Hundred Twenty–Five Dollars ($125.00) as a cushion for future expenses is reasonable. At the hearing, Mrs. Zaleta testified as to probable future expenses such as required by the contamination of the well water, the malfunctioning septic system, and the repair and replacement of household appliances. I agree with *In re Renner, supra,* when that court stated, "[It] would be prudent for [the debtors] to save what they can now as a cushion against the future...." The testimony of the Debtor in this case demonstrates that this cushion to prepare for future expenses is not unreasonable, but, on the contrary, very modest.

Although the U.S. Trustee has pointed out that some courts have, in various situations, been unwilling to consider future expenses in calculating a debtor's ability to pay, other courts have not. *In re Renner, supra.* In this case, the U.S. Trustee did not put forth sufficient evidence to override the presumption in favor of granting relief. 11 U.S.C. § 707(b). Therefore, the One Hundred Twenty–Five Dollar ($125.00) cushion is a reasonably necessary expense.

■ Under 11 U.S.C. § 707(b), there is a presumption in favor of the debtor. Under these circumstances, the expenses of supporting a 20 year old daughter, future expenses for child care and a cushion are reasonably necessary. The U.S. Trustee did not meet its burden of proof to override the

presumption in favor of allowing the chapter 7 to proceed.