**In re Jeffrey Stuart PASSIS, Debtor.**

**Bankruptcy No. 99–50343 RTL.**

United States Bankruptcy Court,
D. New Jersey.

July 8, 1999.

Theodore J. Liscinski, Jr., Lanfrit, Liscinski & Rosenwasser, P.C., Somerset, New Jersey, for Chapter 7 Trustee.

John E. Maziarz, Wolk & Maziarz, Trenton, New Jersey, for Debtor.

Patricia A. Staiano, by Fran B. Steele, Newark, New Jersey, United States Trustee.

### OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

█ The chapter 7 trustee, Theodore J. Liscinski, Jr., brought a motion to dismiss the Debtor's bankruptcy case pursuant to section 707(b) of the Bankruptcy Code. 11 U.S.C. § 707(b).[1] The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and (b)(1) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The chapter 7 trustee sought to have the Debtor's case dismissed for substantial abuse of the provisions of chapter 7. The court *sua sponte* questioned whether the chapter 7 trustee had standing to bring a motion to dismiss pursuant to § 707(b)[2]. The Bankruptcy

---

1. All statutory references contained herein are to the Bankruptcy Code, 11 U.S.C. § 101 et seq., unless otherwise indicated.

2. The court complimented Mr. Liscinski for his vigilance in scrutinizing chapter 7 cases for potential abuse. Other courts have commented that a panel trustee would be unlikely to pursue a motion to dismiss because there is very little economic incentive, especially in a no-asset chapter 7 case where the trustee is paid only $60.00. See *In re Fitzgerald*, 155 B.R. 711, 713 n. 1 (Bankr.W.D.Tex.1993).

Code permits the bankruptcy court, on its own motion, or the United States Trustee to initiate a dismissal pursuant to § 707(b). For the reasons set forth below, this court concludes that the chapter 7 trustee does not have standing to move to dismiss a case pursuant to § 707(b).

■ A chapter 7 trustee may, however, bring facts to the attention of the United States Trustee and suggest a § 707(b) dismissal. Nevertheless, the ultimate decision of whether to proceed with the motion to dismiss remains within the discretion of the United States Trustee. The following constitutes the court's findings of fact and conclusions of law.

### FACTS

On January 12, 1999, a petition for relief under chapter 7 of the Bankruptcy Code was filed by Jeffrey Stuart Passis (the "Debtor"). On January 27, 1999, the United States Trustee appointed Mr. Liscinski the chapter 7 trustee (the "Panel Trustee") to administer the Debtor's chapter 7 bankruptcy case.

On April 1, 1999, the Panel Trustee filed his motion to dismiss Debtor's case pursuant to section 707(b) of the Code believing the Debtor had the ability to pay his creditors. The Panel Trustee's decision to file the motion was based on his review of the Debtor's Schedules I (Income) and J (Expenditures) filed with the chapter 7 petition. Schedule J to the Debtor's petition included an expenditure of $2,000 per month for the Debtor's two daughters' school tuition. According to the Panel Trustee, if these tuition payments were eliminated there would be an excess of income each month that could be used by the Debtor to pay creditors. It should also be noted that one of the Debtor's secured creditors submitted a letter expressing its support for the Panel Trustee's motion to dismiss.

Obviously, this panel trustee takes his responsibilities seriously and has proceeded despite

The Debtor opposed the Panel Trustee's motion. In his opposition, the Debtor stated that the payment of school tuition monies was due to the Debtor's co-signing student loans for his children. Furthermore, it was the Debtor's belief that the student loans were not dischargeable in bankruptcy. The Debtor's opposition also contained revised Schedules I and J listing new amounts for the Debtor's income and expenses. According to the Debtor, these revisions were necessitated by changes in his employment income caused by a decrease in his net pay each month needed to satisfy tax obligations and the fact that he was in the middle of a divorce that affected his monthly expenses.

Although the United States Trustee had been served with a copy of the Panel Trustee's motion to dismiss, she filed no pleadings regarding the motion. At the hearing, after the court questioned the Panel Trustee's standing, the United States Trustee requested permission to be substituted as the movant or, in the alternative, to permit her additional time to evaluate whether a motion to dismiss was appropriate under the circumstances. Instead of granting either of the United States Trustee's requests, the court *sua sponte* denied the Panel Trustee's motion to dismiss, finding that the Panel Trustee lacked standing under the Bankruptcy Code to bring the motion for dismissal pursuant to § 707(b). None of the reported decisions regarding § 707(b) in this circuit or elsewhere deals specifically with a motion by a chapter 7 trustee, therefore, this opinion supplements the reasons enunciated on the record.

### DISCUSSION

11 U.S.C. § 707(b) of the Bankruptcy Code provides:

Dismissal.

■ (b) After notice and a hearing, **the court, on its own motion or on a mo-**

the absence of economic incentive.

tion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.... (emphasis added)

Statutory authority to move for dismissal of a chapter 7 case under § 707(b) is plainly limited by the Bankruptcy Code to the bankruptcy court and the United States Trustee. Congress did not grant any other party, including a panel trustee, the right to initiate a § 707(b) motion to dismiss. The question is, without legislative authorization, does a panel trustee have standing to move to dismiss under § 707(b)?

■ Congress added subsection (b) to section 707 of the Bankruptcy Code in 1984. Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333 (1984). This new subsection permitted a bankruptcy court, on its own motion, but not at the request of any party in interest, to dismiss a chapter 7 case where granting a discharge would be a substantial abuse of the provisions of chapter 7. In *In re Zaleta,* 211 B.R. 178, 180 (Bankr.M.D.Pa.1997), the court stated that "[d]ue to what was perceived as a growing number of bankruptcies being filed by people who were not 'needy', the Bankruptcy Code was amended in 1984 so that debtors no longer had unfettered access to voluntary chapter 7 relief." (citing *In re Walton,* 866 F.2d 981 (8th Cir.1989)). See S.Rep.

No. 65, 98th Cong., 1st Sess. 3 (1983). "Section 707(b) was designed to discourage those persons who could repay their debts from using chapter 7 as an 'easy out,' and in so doing radically departed from the position Congress had taken on this issue when it enacted the Bankruptcy Reform Act of 1978." *Fitzgerald,* 155 B.R. at 715.[3]

After Congress adopted subsection (b), bankruptcy courts strictly adhered to the plain meaning of the Code holding that only the bankruptcy court, on its own motion, could move to dismiss a chapter 7 bankruptcy case under § 707(b). *In re Christian,* 51 B.R. 118, 122 (Bankr.D.N.J. 1985), aff'd, 804 F.2d 46 (3d Cir.1986); *In re Campbell,* 63 B.R. 702 (Bankr.W.D.Mo. 1986); *In re Hudson,* 56 B.R. 415 (Bankr. N.D.Ohio 1985), case dismissed, 64 B.R. 73 (Bankr.N.D.Ohio 1986) and *In re Restea,* 76 B.R. 728 (Bankr.D.S.D.1987). On appeal from the bankruptcy court decision in *Christian,* the Third Circuit Court of Appeals held that "the statute clearly prohibits parties in interest from making § 707(b) motions. Since the statute is plain and unequivocal on its face, and the Bank does not refer to any legislative history indicating that parties in interest are entitled to make § 707(b) motions, the Bank's argument (that the statute is ambiguous and does not prohibit creditors from filing § 707(b) motions) is without merit." *In re Christian,* 804 F.2d 46, 48 (3d Cir.1986). While the *Christian* decision made clear that a creditor did not have standing to bring a motion to dismiss under § 707(b), it was debatable whether the United States Trustee or a panel trust-

---

**3.** See also *Zolg v. Kelly (In re Kelly),* 841 F.2d 908, 913–15 (9th Cir.1988). In a strong dissent in the *Walton* case Circuit Judge McMillian states that, " § 707(b) is not meant to establish a 'future income' test for 'substantial abuse'." 866 F.2d at 985–88. He cites the analysis of the legislative history by Professor Susan Block–Lieb in Using Legislative History to Interpret 1984 Amendments to §§ 548 and 707, Norton Bankruptcy Law Advisor, Oct. 1986, No. 10. She argued that the proposals to establish the ability to propose a chapter 13 plan as grounds for dismissal of a

chapter 7 case was defeated in Congress. The compromise was the substantial abuse test, but Congress failed to define substantial abuse. To equate the ability to pay creditors from future income with substantial abuse would hand a victory to those members of Congress who lost in the legislative process, argue Judge McMillian and Professor Block–Lieb. See also, *In re Farrell,* 150 B.R. 116 (Bankr.D.N.J.1992). The future income test has been reborn as means testing in the current and previous sessions of Congress.

ee would be a "party in interest" barred from moving to dismiss. In dicta, the bankruptcy court stated that the trustee would be a party in interest. *Christian,* 51 B.R. at 119. The circuit declined to address the issue of the trustee's standing since the trustee was not before the court. *Christian,* 804 F.2d at 49.

In 1986 Congress amended § 707(b) authorizing the United States Trustee, in addition to the bankruptcy court, to make a motion to dismiss for substantial abuse. Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986, Pub.L. No. 99–554, title II, § 219(b), 100 Stat. 3088, 3100–3101 (1986). The legislative history from 1986 indicates that the House and Senate had two different approaches to expanding § 707(b). The Senate wanted to impose a duty on the panel trustee to bring information to the court's attention so that the court could consider dismissal. The House proposed authorizing the United States Trustee to bring a motion to dismiss for substantial abuse. The House prevailed. The Joint Explanatory Statement of the Committee of Conference for the 1986 Act stated the following regarding the amendment:

> Section 216 of the House bill amended 11 U.S.C. 707(b)(sic) to permit a United States Trustee to move the bankruptcy court to dismiss a case filed under Chapter 7 by an individual consumer debtor, where the court finds that the granting of relief would be a substantial abuse of the Chapter 7 process. The Senate bill contained no amendment to Section 707(b), but included a similar provision in Section 238(a)(3). That section amended 11 U.S.C. 704(10)(sic) to impose a duty on the panel trustee to bring to the attention of the court information that might enable the court to carry out its responsibilities under 11 U.S.C. 707(sic) and other sections. The Senate recedes.
>
> Under current law, the court may dismiss a Chapter 7 case on grounds of substantial abuse only 'on its own motion and not at the request or suggestion of any party in interest.' Some question has arisen as to whether United States Trustees and panel trustees are considered 'parties in interest' for purposes of this section, and are thus precluded from bringing information to the attention of the court on the issue of substantial abuse, and moving for dismissal of a Chapter 7 case on those grounds. See, e.g., *In re Christian,* 51 B.R. 118 (Bankr.D.N.J.1985). The Conference Report clarifies the ability of the U.S. Trustee under Section 707(b) to bring such information to the attention of the court. The original intent of this subsection was to preclude creditors from exercising this function.
>
> The conferees anticipate that the panel trustee will work closely in conjunction with the United States Trustee to assist in the discharge of the specific authority granted under Section 707(b). This would include bringing to the United States trustee's attention any information or evidence of fraud or abuse which may provide the basis for dismissal of the case under Section 707(b). The U.S. Trustee may, in his discretion, bring that information to the attention of the court. The conferees anticipate that panel trustees will frequently appear in court regarding the motions filed by the U.S. Trustee under Section 707(b), as amended. Such appearances will be in their capacity as panel trustee and not as a representative of the U.S. Trustee.

H.R.Conf.Rep. No. 99–958, at 46–47 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5247–48. It should be clear after the 1986 amendments that a panel trustee is a party in interest who is precluded from bringing a motion under § 707(b).

■ Congress expected the panel trustee would be permitted to bring information about abuse or fraud by a debtor to the attention of the United States Trustee. When a chapter 7 trustee feels a § 707(b)

motion to dismiss may be appropriate, the proper procedure is not for the panel trustee to file a motion to dismiss. Nor should the panel trustee contact the court directly. Instead, the panel trustee should provide any relevant information about a debtor's abuse to the United States Trustee who ultimately decides whether to file a § 707(b) motion to dismiss. *Restea,* 76 B.R. at 733.

■ This limitation on standing to move for a § 707(b) dismissal of a case was to prevent abuse by creditors and other parties in interest. Without this provision limiting standing, Congress believed creditors might harass debtors or tie them up in costly litigation. See *Sinkow v. Latimer (In re Latimer),* 82 B.R. 354, 362 (Bankr. E.D.Pa.1988). For example, absent these restrictions a creditor that unsuccessfully objected to dischargeability might later seek to have the case dismissed under § 707(b). In addition, these restrictions prevent creditors from pressuring debtors into signing reaffirmation agreements with the threat of a § 707(b) motion to dismiss being filed. 6 *Collier on Bankruptcy* ¶ 707.04, at 707–15 (Lawrence P. King ed., 15th ed. Revised 1996). As the court stated in *In re Morris,* 153 B.R. 559, 563 (Bankr.D.Or.1993), "I do not believe that a suggestion either to the trustee or the U.S. Trustee that the latter should investigate the case for possible substantial abuse constitutes harassment. This is because the U.S. Trustee may always, after investigation, refuse to file such a motion. There are no similar safeguards to a request or suggestion made by the creditor directly to the court...." Or, as another bankruptcy court put it, "close scrutiny of cases for abuse by the panel trustee and the UST [United States Trustee] in their administrative roles is not harassment of the debtor which Congress intended to prevent in drafting § 707(b)." *United States Trustee v. Joseph (In re Joseph),* 208 B.R. 55, 60 (9th Cir. BAP 1997).

■ When the United States Trustee is presented with evidence that might point to the necessity of filing a § 707(b) motion to dismiss, the United States Trustee is required to independently review and evaluate the information. *In re Busbin,* 95 B.R. 240, 242 (Bankr.N.D.Ga.1989); *Morris,* 153 B.R. at 563. This evaluation must be performed to determine whether a § 707(b) motion to dismiss is appropriate under the circumstances of the case. The United States Trustee may not simply rely on the representations of an interested party and file a motion to dismiss without first performing her own investigation. "Such a screening process will prevent the abuse of § 707(b) by creditors seeking to use it as a means of harassing or intimidating creditors." *Busbin,* 95 B.R. at 242.

■ Many courts, including the Second and Fourth Circuit Courts of Appeals, have stated in dicta that under § 707(b) only the court and the United States Trustee have standing to move for dismissal of a chapter 7 case. See e.g., *Kornfield v. Schwartz (In re Kornfield),* 164 F.3d 778, 784 (2d Cir.1999); *United States Trustee v. Clark (In re Clark),* 927 F.2d 793, 794–95 (4th Cir.1991); *Fitzgerald,* 155 B.R. at 713 n. 1; *In re Barnes,* 158 B.R. 105, 107 (Bankr.W.D.Tenn.1993); *In re Wisher,* 222 B.R. 634, 636 (Bankr.D.Colo. 1998). Even though the panel trustees may not move the court for a § 707(b) dismissal, however, they must not be excluded from the § 707(b) process. Not only do these panel trustees have a genuine right to participate in § 707(b) proceedings, they may be the parties who initiate the motion to dismiss by bringing important evidence concerning a debtor's fraud or abuse to the attention of the United States Trustee. Without the able assistance of the panel trustees it is unlikely that the true intention of § 707(b) would be realized.

### CONCLUSION

For the foregoing reasons, the court concludes that the Panel Trustee lacks standing to bring a section 707(b) motion

to dismiss for substantial abuse of the provisions of chapter 7. The Panel Trustee must communicate any information regarding a debtor's abuse directly to the United States Trustee, who after an independent investigation of the allegations and facts of the case, will decide whether a § 707(b) motion to dismiss is warranted.