**UNITED STATES of America**

v.

**Raymond FILIBERTI and Frank Sacco.**

**Crim. No. H–300.**

United States District Court,
D. Connecticut.

Jan. 19, 1973.

Randolph C. Roeder, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Hubert J. Santos, Federal Public Defender, Hartford, Conn., for defendants.

## RULING ON DEFENDANT FILIBERTI'S MOTION TO DISMISS THE INDICTMENT

BLUMENFELD, Chief Judge.

Raymond Filiberti was indicted on June 27, 1972, for fraudulently concealing and transferring the assets of a bankrupt corporation and conspiracy in violation of 18 U.S.C. §§ 152 and 371. The substantive offense allegedly occurred on or about June 26, 1968, four years and one day before the indictment was returned.[1] Defendant does not allege that he has been prejudiced by this delay in any way, but contends that the government has failed to comply with the provisions of 18 U.S.C. § 3057 [2] and

---

1. Quite apart from the fact that the general statute of limitations, 18 U.S.C. § 3282, permits an indictment to be brought within five years of the commission of the offense, bankruptcy fraud is a continuing offense until discharge or denial of discharge. 18 U.S.C. § 3284. Cf. United States v. Guglielmini, 425 F.2d 439 (2d Cir.), cert. denied, 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).

2. 18 U.S.C. § 3057 provides:

"(a) Any referee, receiver, or trustee having reasonable grounds for believing that any violations of the bankruptcy laws or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United

that the indictment must therefore, be dismissed. For reasons which will appear, this motion must be denied.

■■ Defendant's argument is of necessity grounded upon the statute, for the Supreme Court has squarely rejected the argument that the sixth amendment's guarantee of a speedy trial [3] applies to pre-indictment delay. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Moreover, his suggested reading of § 3057 would make that statute unique in criminal procedure, for "the applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges," United States v. Marion, *supra,* 404 U.S. at 322, 92 S.Ct. at 464, 30 L.Ed.2d at 479 *quoting* United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), and Rule 48(b), Fed.R.Crim.P., permitting the court to dismiss an indictment brought after "unnecessary delay," applies only to delay subsequent to the defendant's arrest. United States v. Marion, *supra* at 478, 92 S.Ct. 455.

■ The statute, directing that the United States Attorney, "if it appears probable that any such offense has been committed, shall without delay, present the matter to the grand jury" (see note 2 *supra*) does not on its face confer any procedural rights upon a defendant in a bankruptcy fraud prosecution. It is *not surprising* that such a provision has found its way into the bankruptcy statutes, where the concern for speedy administration of bankruptcy estates is

particularly strong. Wrenched from its context, the above-quoted segment of the statute appears to be a severe restriction on the well-recognized discretion [4] accorded prosecutors regarding the initiation of criminal proceedings. However, the words immediately following make any such reading of the statute untenable, for the United States Attorney may decide "upon inquiry and examination . . . that the ends of public justice do not require investigation or prosecution, in which case he shall report the facts to the Attorney General for his direction." 18 U.S.C. § 3057(b). The presence of this language further supports the view that § 3057 was intended primarily as an administrative measure—a congressional directive to the district offices of the United States Attorneys to become more active in the prosecution of bankruptcy fraud cases.

This interpretation of § 3057 is supported by its legislative history. The section was first added to the Bankruptcy Act in 1926 when Congress made significant changes in the criminal provisions of the Act, creating new offenses and making existing penalties stiffer. 44 Stat. 665, 666. There was little discussion of § 29(e), the present § 3057, which was added at the insistence of the House of Representatives. That chamber heard Rep. Michener, floor manager of the bill, repeat the exact words of the House Report in explaining the amendment:

"Section 29(e) is new matter and the text of the amendment was prepared by the Attorney General. The At-

___

States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so. "(b) The United States attorney thereupon shall inquire into the facts and report thereon to the referee, and if it appears probable that any such offense has been committed, shall without delay, present the matter to the grand jury, unless upon inquiry and examination he decides that the ends of public justice do not require investigation or prosecution, in which case he shall re-

port the facts to the Attorney General for his direction."

3. The sixth amendment provides in relevant part:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."

4. See, e. g., Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479, 480 and cases cited at n. 4 (1967); Pugach v. Klein, 193 F.Supp. 630, 634–635 (S.D. N.Y.1961). Cf. K. Davis, Discretionary Justice (1969), vigorously attacking judicial acceptance of the principle of prosecutorial discretion.

torney General did not suggest the amendment but did perfect the text. The amendment is designed to secure the aid and cooperation of the United States district attorney in bringing to speedy justice offenders against the bankruptcy law." 67 Cong.Rec. 7678 (Pt. 7) (April 17, 1926).

Defendant's argument is plainly without foundation in the sixth amendment, nor in long-established principles governing the operation of the statute of limitations. The language, purpose, and relevant legislative history of § 3057 are equally unavailing to him. Therefore, his motion ought to be and hereby is denied.