**In re Willie B. LEWIS, Debtor.**

**Bankruptcy No. 885–50645–20.**

United States Bankruptcy Court,
E.D. New York.

June 27, 1985.

Louise Lewis, Debtor, pro se.

Barry Evan Schklair, New York City, for debtor.

Michael Macco, Melville, N.Y., trustee.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

An individual named Louise Lewis filed a chapter 13 petition on April 29, 1985, in order to stay the foreclosure of real property, legal title of which was held in her deceased mother's name, Willie B. Lewis. Willie B. Lewis had died May 7, 1983. To obtain the immediate relief afforded by the automatic stay provisions of 11 U.S.C. § 362 with respect to the real property, Louise Lewis filed her petition using her mother's name. The information Louise Lewis supplied in the chapter 13 statement, however, including that pertaining to present employment and monthly living expenses, ostensibly relates to herself. In an affidavit attached to the instant motion, Louise Lewis admits that she is actually the debtor within this bankruptcy proceeding.

The instant motion submitted by her attorney Barry Evan Schklair, requests an order "amending the caption to read Louise Lewis as the debtor together with such other, further and different relief as to the court may seem just and proper." In light of the debtor's admitted intentional filing of a false petition and declaration, the court hereby dismisses the debtor's entire case in order to preserve the integrity of the bankruptcy process. In addition, in order to assure that any further petitions filed by Louise Lewis are referred to the undersigned bankruptcy judge, the court hereby orders that the Clerk of the Bankruptcy Court amend the court's records, other than the papers contained in the debtor's case file, to reflect the true and correct name of the debtor who filed this petition on April 29, 1985; *i.e.* Louise Lewis.

■ The attorney for the debtor represented that Louise Lewis had duped his office and had not revealed her correct name until recently. Despite his client's contemptuous behavior, however, the debtor's attorney merely seeks what he terms is a procedural amendment, which would purportedly rectify the problems his client's conduct has caused. If the representation of the debtor's attorney that he was tricked by his client is true, then the court finds incredulous the position he now advances. The debtor has admitted to signing a false petition and declaration, and has done so through the aid of her attorney. Aside from the criminal implications seemingly ignored by the debtor's attorney, the court is astounded that he has not recognized the serious substantive character of the requested relief. The impairment of the rights of *Willie B.* Lewis' creditors resulting from the automatic stay, and the impairment of the rights of *Louise* Lewis' creditors which would result from the requested caption change, clearly demonstrate the substantive nature of the amendment. *See In re (Warren Allynn) Austin,* 46 B.R. 358, 12 B.C.D. 871, 872 (Bankr.E.D.Wisc.1985) ("Accuracy in the caption of a bankruptcy petition is of substantive importance—not a mere matter of form."). Permitting Louise Lewis to amend her petition would afford her the protection of the Bankruptcy Code retroactively to the date on which she filed her petition, while permitting her to escape all of its responsibilities during that time.

■ The debtor has essentially committed a blatant fraud on the court and her deceased mother's creditors. In accordance with the mandate of 18 U.S.C. § 3057(a),[1] the Clerk of Bankruptcy Court shall transmit a copy of this Decision and

---

1. 18 U.S.C. § 3057(a) provides:

   Any judge, receiver, or trustee having reasonable grounds for believing that any violations under Chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.

Order, along with copies of all papers contained in the debtor's file, to the United States attorney for the Eastern District of New York. The court has before it reasonable grounds to believe that Louise Lewis has committed a violation of 18 U.S.C. § 152 (knowingly and fraudulently making a false declaration, certificate, verification, or statement under penalty of perjury), and that she has committed forgery of her deceased mother's name upon a court document.

Finally, the Clerk of the Bankruptcy Court is directed to arrange for the transcription of the minutes of the hearing of this matter held on June 18, 1985, and upon receipt of the transcript of said minutes to forward a copy thereof to the United States attorney.

So Ordered.