**In re Al VALENTINE, Debtor.**

**Bankruptcy No. 94–45648.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

May 21, 1996.

---

Robert Hertzberg, Hertz, Schram & Saretsky, Bloomfield Hills, MI, for Debtor.

David Lerner, Bloomfield Hills, MI, for Creditors.

## ORDER DENYING REQUEST FOR REPORT TO UNITED STATES ATTORNEY

STEVEN W. RHODES, Chief Judge.

Creditors, Molecular Technology, Jafar Behbehani, and Michael May, have filed a pleading entitled "Request for Report to the United States Attorney Pursuant to 18 U.S.C. § 3057." Specifically, these creditors assert that there are reasonable grounds for such a report and they request that the Court enter an order requiring the Court to "make a report to the U.S. Attorneys Office of all facts and circumstances of the case, including the names of the witnesses and the offenses believed to have been committed." The debtor objects to the request, contending that there are not reasonable grounds for a report. The Court concludes that creditors in a bankruptcy case do not have a legally cognizable right to make such a request to the bankruptcy court, and accordingly, the request is denied.

18 U.S.C. § 3057(a) provides:

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

Nothing in Titles 11, 18, or 28, or the Federal Rules of Bankruptcy Procedure explicitly authorizes a creditor to seek the relief sought by these creditors. Thus, the issue is whether that right should be implied, which turns upon the intent of Congress. *See Thompson v. Thompson*, 484 U.S. 174, 108 S.Ct. 513, 98 L.Ed.2d 512 (1988); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 102 S.Ct. 1825, 72 L.Ed.2d 182 (1982); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 13, 101 S.Ct. 2615, 2622–23, 69

L.Ed.2d 435 (1981); and *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979). *See also* 13 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531.6, at 503–04 (2d ed. 1984).

For several reasons, the Court concludes that in enacting 18 U.S.C. § 3057, Congress did not intend to grant creditors the right to ask the bankruptcy court for a criminal referral to the United States Attorney. First, as noted, the language of § 3057 does not explicitly grant this right, and Congress has not provided for this right elsewhere. Although this factor is not conclusive, it is still strong evidence of the congressional intent.

Second, Congress has explicitly established other means for referring bankruptcy crimes for proper investigation, which likewise do not provide for a request by a creditor. 28 U.S.C. § 586(a) provides:

Each United States trustee, within the region for which such United States trustee is appointed, shall—

(3) supervise the administration of cases and trustees in cases under chapter 7, 11, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate—

(F) notifying the appropriate United States attorney of matters which relate to the occurrence of any action which may constitute a crime under the laws of the United States and, on the request of the United States attorney, assisting the United States attorney in carrying out prosecutions based on such action[.]

Third, in other circumstances, Congress has demonstrated its concern that giving too much power to creditors to seek extraordinary action against debtors might skew the carefully established balance between the rights of debtors and the rights of creditors, and might impair the debtor's fresh start. 11 U.S.C. § 707(b) provides:

After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, *but not at the request or suggestion of any party in interest,* may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. [Emphasis added.]

In prohibiting creditors from filing motions to dismiss under 11 U.S.C. § 707(b), Congress carefully balanced the interests of debtors in a prompt and inexpensive fresh start with the interests of creditors in limiting bankruptcy relief to those debtors who cannot repay their debts. *In re Krohn,* 886 F.2d 123, 125–26 (6th Cir.1989). The obvious concern was that if a creditor were permitted to file a dismissal motion under 11 U.S.C. § 707(b), the debtor's bankruptcy expenses might substantially increase and the threat of dismissal might cause the debtor to feel pressured into negotiating unwarranted concessions to that creditor. *See United States Trustee v. Clark (In re Clark ),* 927 F.2d 793, 797 (4th Cir.1991); *Perniciaro v. Natale (In re Natale ),* 136 B.R. 344, 351 (Bankr. E.D.N.Y.1992); *In re Christian,* 51 B.R. 118 (Bankr.D.N.J.1985), *aff'd,* 804 F.2d 46 (3d Cir.1986); and 4 *Collier on Bankruptcy* ¶ 707.05, at 707–18 (Lawrence P. King ed., 15th ed. 1996) ("The rationale for not permitting parties in interest to raise the substantial abuse issue is to prevent creditors from harassing the debtor or unnecessarily increasing the debtor's litigation costs."). Those concerns apply, perhaps with even greater force, in determining whether a creditor should have the right to request the bankruptcy court to make a criminal referral against a debtor.[1]

Fourth, in response to a criminal defendant's motion to dismiss an indictment for

---

1. It can be argued that 11 U.S.C. § 707(b) demonstrates that Congress knows how to prohibit a creditor from making a motion, and that its failure to include such a prohibition in 18 U.S.C. § 3057 means that Congress did not intend to prohibit creditors from filing such a motion. The difficulty with this argument is that unlike § 3057, § 707(b) specifically provides that the

issue of dismissal for substantial abuse will be addressed in the context of an adversarial process—a contested matter under Rule 9014, Federal Rules of Bankruptcy Procedure. Thus, it was necessary for Congress to state explicitly who could and who could not raise the issue. Accordingly, the failure to state in § 3057 that the request could be made by a creditor would

delay in violation of 18 U.S.C. § 3057(b), it has been held that this section does not give any procedural rights and that "§ 3057 was intended primarily as an administrative measure—a congressional directive to the district offices of the United States Attorneys to become more active in the prosecution of bankruptcy fraud cases." *United States v. Filiberti*, 353 F.Supp. 252, 253 (D.Conn.1973) (citing and quoting legislative history). *See also United States v. Laurenti*, 581 F.2d 37 (2d Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979). Similarly, it has been held that there is no civil cause of action for damages for an alleged violation of 18 U.S.C. § 3057. *Winslow v. Romer*, 759 F.Supp. 670, 677 (D.Colo.1991).

Fifth, if a creditor has a right to make a request for a criminal referral under 18 U.S.C. § 3057, then upon such a motion, procedural due process would require that the respondent be provided a right to respond. *See* Federal Rule of Bankruptcy Procedure 9014. However, it has been held:

> It is clear that [the respondent] has no due process right to notice and an opportunity to respond before a criminal referral is made. The statute itself does not create any such right. The result would be nonsensical, in that it would (1) require that all potential criminal defendants be provided notice of a possible criminal referral; (2) permit the potential defendant to appear and present evidence on whether the conduct should be referred for investigation; and (3) permit the potential defendant to appeal an adverse decision that the criminal referral should be made. A potential defendant does not have those rights even before a grand jury, the next procedural step after a criminal referral and investigation.

*Seidel v. Durkin (In re Goodwin)*, 194 B.R. 214, 223 (9th Cir.B.A.P.1996).

Sixth, the Court notes the practical reality that these creditors do not need the relief sought here to achieve their ultimate objective, a criminal investigation of the debtor. These creditors are always free to make a report directly to the proper authorities. Thus, the refusal to recognize the right at issue here does not prejudice the creditors in any substantive way.

The Court concludes that all of these factors suggest that Congress did not intend to give a creditor the right to request the bankruptcy court to refer a matter for criminal investigation.

The creditors cite two cases in support of their request, *In re Lewis*, 51 B.R. 353 (Bankr.E.D.N.Y.1985) and *Flushing Sav. Bank v. Parr (In re Parr)*, 13 B.R. 1010 (E.D.N.Y.1981).[2] However, neither case addressed the issue raised herein. In *Lewis*, the decision simply announced *sua sponte* the court's intention to refer the matter to the United States Attorney.[3] In *Parr*, the district court reversed the bankruptcy court's determination that there were not reasonable grounds for the referral. The district court did not address whether the creditor had a right to make the request for the referral. Therefore, the Court concludes that these cases do not support the creditors' right to request that the bankruptcy court make a criminal referral.

Accordingly, the creditors' request is denied.

only be significant if it were first determined that under § 3057 a criminal referral could only be made as a result of a similar adversarial process. As noted below, there was no such congressional intent in § 3057.

**2.** The Court's own research has found no cases on point.

**3.** This is only one of many cases in which the bankruptcy court *sua sponte* announced its intention to make a referral to the United States Attorney. *See, e.g., In re Weintraub*, 171 B.R. 506, 510 (Bankr.S.D.N.Y.1994); *Riggs v. Cross*

*(In re Cross)* 156 B.R. 884, 889 (Bankr.D.R.I. 1993); *Community Bank of Homewood–Flossmoor v. Bailey (In re Bailey)*, 145 B.R. 919, 933 (Bankr.N.D.Ill.1992); *Brown v. Barley (In re Barley)*, 130 B.R. 66, 71 (Bankr.N.D.Ind.1991); *In re Valparaiso Motel Corp.*, 125 B.R. 228, 230 (Bankr.N.D.Ind.1990); *In re Guild Music Corp.*, 100 B.R. 624, 625 n. 2 (Bankr.D.R.I.1989); *In re Mathis Ins. Agency, Inc.*, 50 B.R. 482, 487 (Bankr.E.D.Ark.1985); *Kings Plaza Shopping Center of Flatbush Ave., Inc. v. Jolly Joint, Inc. (In re Jolly Joint, Inc.)*, 23 B.R. 395, 400 (Bankr. E.D.N.Y.1982).