**In re Paul Kevin BARKAL, Debtor.**

**No. 08–22667 JPK.**

United States Bankruptcy Court, N.D. Indiana, Hammond Division.

Nov. 24, 2008.

Jonathan S. Dabbieri, Jeffrey M. Monberg, Debtor, for Debtor, Trustee, U.S. Trustee.

*ORDER DENYING STATE COURT RECEIVER'S REQUEST FOR CRIMINAL REFERRAL, PURSUANT TO 18 U.S.C. § 3057(a) ["REQUEST"]*

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

The Request was filed on October 24, 2008 by Martin Goldberg, a Receiver appointed in California state court proceedings regarding a judgment obtained by Anna May Webb against the debtor Paul Kevin Barkal. The Request was accompanied by a Declaration of Martin Goldberg also filed on October 24, 2008, the production of which unnecessarily involved the sacrifice of woody flora of this planet.

■ Simply stated, the Request seeks to invoke 18 U.S.C. § 3057(a), by in the view of its proponent outlining a case worthy of investigation for criminal fraud subject to that statute.[1] 18 U.S.C. § 3057(a) states as follows:

(a) Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been

---

1. On October 29, 2008 Anna May Webb, by counsel, filed her Response to the receiver's Request, which not surprisingly supports that request.

committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

The obvious purpose of the Request is to seek to establish "reasonable grounds" for the undersigned judge to believe that a violation of law has occurred which requires referral of that violation to the Office of the United States Attorney. The court does not reach the issue of whether or not the totally self-serving materials submitted in support of the Request establish anything giving rise to grounds for referral under § 3057(a). Rather, the court determines as a matter of law that the Request presents nothing to the court cognizable under that statute.

■ In *In re Valentine*, 196 B.R. 386 (Bankr.E.D.Mich.1996), the Honorable Steven W. Rhodes, Chief Judge of the United States Bankruptcy Court for the Eastern District of Michigan, determined that a solicitation in the nature of the Request presented nothing cognizable to a United States Bankruptcy Court, because "in enacting 18 U.S.C. § 3057, Congress did not intend to grant creditors the right to ask the bankruptcy court for a criminal referral to the United States Attorney;", *Valentine*, 196 B.R. 386, 387. The court totally concurs with Judge Rhodes' determination, and rather than restate the excellent legal analysis stated in his decision, the court adopts the legal conclusions stated in that decision as its determination of the law applicable to the Request. In doing so, the court concurs with Judge Rhodes in his analysis that 18 U.S.C. § 3057(a) is a statute which enables a "judge, receiver, or trustee" to report matters within the scope of that statute to the Office of the United States Attorney. The term "receiver" in that statute clearly delineates a receiver appointed under federal law, not a state court appointed receiver as is the case here. If Goldberg were to argue to the contrary, then the statute independently gives him, in his capacity as a receiver, the authority to make the report contemplated by § 3057(a), and the motion is totally unnecessary. Whatever the analysis, as stated by Judge Rhodes, the court's determination does not preclude Goldberg from independently seeking an investigation of his allegations by the Federal Bureau of Investigation and/or the Office of the United States Attorney.

Based upon the analysis and conclusions of law stated in *In re Valentine, supra.*, the court determines that the Request fails to state a claim upon which relief may be granted, and fails to invoke the court's jurisdiction to pursue matters pursuant to 18 U.S.C. § 3057(a).

IT IS ORDERED, ADJUDGED AND DECREED that the Request is denied.