**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                              )    BAP No.   AZ-16-1084-JuLB
                                    )
Inglewood Woman's Club, Inc.   )    Bk. No.   4:15-BK-15376-SHG
                                    )
                Debtor.             )
_____)
                                    )
Marlene Fearing,                    )
                                    )
                Appellant.          )    **M E M O R A N D U M**[*]
_____)

Argued and Submitted on May 18, 2017
at Phoenix, Arizona

Filed - June 7, 2017

Appeal from the United States Bankruptcy Court
District of Arizona

Honorable Scott H. Gan, Bankruptcy Judge, Presiding
_____

Appearances:   Appellant Marlene Fearing argued pro se.
_____

Before:  JURY, LAFFERTY, and BRAND, Bankruptcy Judges.

---

     [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

This is an appeal from bankruptcy court rulings that (a) dismissed a chapter 11[1] bankruptcy case because the debtor, a non-profit corporation, failed to obtain attorney representation; (b) denied a request by an interested party that the bankruptcy court commence an independent investigation of alleged criminal activity by a United States Attorney, a party unrelated to the bankruptcy proceeding; and (c) denied reconsideration of those rulings. For the reasons set forth below, we AFFIRM.

## I. FACTS

The facts are straightforward. Inglewood Woman's Club, Inc. ("Debtor") filed a voluntary chapter 11 petition on December 3, 2015. Debtor is a non-profit corporate entity. Debtor's chief executive officer is Marlene Fearing ("Ms. Fearing"), who is also a creditor of the estate. The main asset of Debtor is a single piece of real property located in Oro Valley, Arizona, with one of the largest creditors, Stoney Canyon I Townhomes Association ("Stoney Canyon"), holding a secured claim.

Shortly after filing the bankruptcy petition, Debtor filed an application to employ the Wright Law Offices as counsel, which was approved by the bankruptcy court on December 8, 2015. On January 14, 2016, Ms. Fearing, acting pro se and primarily on her own behalf, filed a motion entitled "Motion to Compel Investigation of Stolen Assets Belonging to the Inglewood

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Woman's Club" (the "Motion to Compel Investigation"). Generally speaking, the Motion to Compel Investigation (a) alleged that a Minnesota United States Attorney stole $2 million of Debtor's assets in a prior bankruptcy case, and (b) demanded that the bankruptcy court call for an independent investigation of the alleged orchestrated embezzlement. The very next day, on January 15, 2016, the Wright Law Offices filed a motion to withdraw as counsel (the "Motion to Withdraw"), citing as cause "irreconcilable differences" and an "adverse relationship" between Debtor's representative, Ms. Fearing, and the Wright Law Offices. On January 19, 2016, Stoney Canyon filed a response, requesting that any order granting the Motion to Withdraw require new counsel to file an appearance within ten calendar days. The bankruptcy court set the Motion to Compel Investigation and the Motion to Withdraw for hearing on February 9, 2016.

At the February 9th hearing, the bankruptcy court granted the Motion to Withdraw and denied the Motion to Compel Investigation. In doing so, the court (a) gave Debtor ten days to seek employment of counsel or the case would be dismissed, per Stoney Canyon's request; and (b) made clear that it never could grant the relief Ms. Fearing requested in the Motion to Compel Investigation, as a bankruptcy court does not have jurisdiction to compel an investigation of alleged crimes. On February 16, 2016, the Court entered its order granting the Motion to Withdraw. As a result of Debtor's failure to retain new counsel, on February 22, 2016, the court entered an order dismissing the case (the "Dismissal Order"). The next day,

Ms. Fearing, again acting primarily on her own behalf, filed a request for "Hearing for Motion to Uphold Crime Statutes and Adversary Complaint" (the "Second Motion to Compel Investigation") asserting the same arguments set forth in the Motion to Compel Investigation. The court set the matter for hearing on March 22, 2016.

At the March 22nd hearing, the bankruptcy court treated the Second Motion to Compel Investigation as a motion for reconsideration of the Dismissal Order and the denial of the Motion to Compel Investigation (the "Reconsideration Motion"). The court denied the Reconsideration Motion for two reasons. First, as to the dismissal of the case, the court stated Debtor did not retain counsel in the ten day time period as required by the court when granting the Motion to Withdraw; therefore, because, under federal law, a corporation must be represented by counsel in federal court, the court denied reconsideration of its decision to dismiss the case. Second, as to the motion to compel a criminal investigation, the court again stressed that it did not have the authority or jurisdiction to commence the action requested by Ms. Fearing against the United States Attorney. The court advised Ms. Fearing to look to a proper forum for such relief, but noted that the bankruptcy court was not the proper forum. Ms. Fearing filed a timely appeal.[2]

---

[2] The timeliness of Ms. Fearing's appeal was not immediately apparent. The Clerk's office sent a Notice of Deficient Notice of Appeal, questioning whether the appeal was timely filed. A motions panel entered an order determining that the notice of appeal was timely filed because the Reconsideration Motion was a
(continued...)

-4-

## II. JURISDICTION

The bankruptcy court had jurisdiction over the Dismissal Order pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). The bankruptcy court's jurisdiction over the criminal investigation is discussed below. We have jurisdiction of this appeal under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court abused its discretion in dismissing the corporate debtor's chapter 11 bankruptcy case for failure to obtain replacement counsel;

B. Whether the bankruptcy court erred in the denial of Ms. Fearing's request to commence a criminal investigation;

C. Whether the bankruptcy court abused its discretion in not granting Ms. Fearing's motion to reconsider the dismissal of the case and denial of her request to commence a criminal investigation.

## IV. STANDARD OF REVIEW

We review a bankruptcy court's order to dismiss a bankruptcy case for abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999); Guastella v. Hampton (In re Guastella), 341 B.R. 908, 915 (9th Cir. BAP 2006).

The existence of jurisdiction is a question of law which we review de novo. Bethlahmy v. Kuhlman (In re ACI-HDT Supply Co.),

_____

[2](...continued) timely tolling motion pursuant to Rule 8002(b)(1)(D). The panel then requested a formal order denying the reconsideration. That order was filed on May 20, 2016.

205 B.R. 231, 234 (9th Cir. BAP 1997); Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 816 (9th Cir. BAP 2009).

We review a bankruptcy court's denial of a motion for reconsideration for an abuse of discretion, whether the motion for reconsideration is based on Civil Rule 59(e) or Civil Rule 60(b). First Ave. W. Bldg., LLC v. James (In re OneCast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006); School District No. 1J v. AC & S, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).

Under the abuse of discretion standard, we reverse only when the bankruptcy court applied an incorrect legal rule or where its application of the law to the facts was illogical, implausible or without support in inferences that may be drawn from the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011), citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc).

## V.  DISCUSSION

### A.  The scope of the appeal

Following the notice of appeal, after briefing had concluded, Ms. Fearing attempted to file supplemental declarations and exhibits based on issues pertaining to pre-appeal and post-appeal events that purportedly related to the requested criminal investigation. On April 11, 2017, a motions panel entered an order rejecting Ms. Fearing's supplemental filings (the "April 11th Order"). In doing so, the panel stated that Ms. Fearing's attempted filings contained documents which were not considered by the bankruptcy court when it made its rulings, noting that the sole issue on appeal was the dismissal

of the Debtor's bankruptcy case for failure to retain legal counsel.

On April 27, 2017, Ms. Fearing filed a response to the April 11th Order, asserting that the dismissal of the case is not the sole issue on appeal. Recognizing an error in its order, on April 28, 2017, the panel entered a corrective order finding that the scope of the appeal includes (1) the order dismissing the bankruptcy case for failure of the debtor to appear through counsel, (2) the order denying the motion for criminal investigation, and (3) the order denying reconsideration of those rulings.

We agree with the motions panel and conclude that the scope of this appeal includes the three issues described in its order of April 28.

**B. The bankruptcy court's dismissal of the chapter 11 case**

On appeal, Ms. Fearing does not posit any argument as to why the bankruptcy court abused its discretion in dismissing Debtor's bankruptcy case for not retaining counsel. Nor could she.

In federal courts an individual may proceed either pro se or by an attorney. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel.") Although federal statutes protect an individual's right to conduct her own litigation, that right has never been interpreted to allow a corporation to appear pro se. See Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983). Unlike an individual, a corporation is an artificial entity, which can only act or appear through an

authorized agent. See Ritchie Grocer Co. v. Aetna Casualty & Surety Co., 426 F.2d 499, 500 (8th Cir. 1970) (asserting the general principle of corporate law that a corporation may only act through its authorized agents); see also Envtl. Corp. v. Knight (In re Goodman), 991 F.2d 613, 618 (9th Cir. 1993) (rejecting the view that a corporation is an "individual" as defined by the Bankruptcy Code). As a result, it is a well-settled principle that a corporation must be represented by an attorney to appear in federal court. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel"); Osborn v. Bank of United States, 22 U.S. 738, 830 (1824); First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290 (Fed. Cir. 1999); Pridgen v. Andresen, 113 F.3d 391, 392-93 (2d Cir. 1997); In re Tamojira, Inc., 20 F. App'x 133, 133-34 (4th Cir. 2001); National Indep. Theatre Exhibitors v. Buena Vista Distrib., 748 F.2d 602, 609 (11th Cir. 1984); Carr Enter., Inc. v. United States, 698 F.2d at 953.

In the instant case, the bankruptcy court did not abuse its discretion by dismissing the bankruptcy case. At the February 9th hearing, the bankruptcy court gave Debtor ten days to retain legal counsel or the case would be dismissed. When Debtor did not retain counsel after twelve days, the bankruptcy court entered the Dismissal Order. Although the Dismissal Order is silent as to what authority the bankruptcy court relied upon to dismiss the case, the court made it clear at the February 9th

hearing that federal law requires a corporation to be represented by a licensed attorney in a bankruptcy case. Because the Supreme Court has consistently held that federal law requires a corporation to be represented through counsel, see Rowland, 506 U.S. at 201, we conclude that the bankruptcy court did not err.

**C. Bankruptcy court jurisdiction over criminal investigation**

Most of Ms. Fearing's argument takes issue with the bankruptcy court's refusal to commence a criminal investigation. Although Ms. Fearing argues that the bankruptcy court had the jurisdictional authority to compel such investigation, she is mistaken.

The bankruptcy court is a court of limited jurisdiction. See Bd. of Governors v. MCorp Fin., Inc., 502 U.S. 32, 40 (1991). Bankruptcy courts fall outside of the constitutional authority of Article III and derive their authority from federal statutes. N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 60–87 (1982) (plurality opinion); Celotex Corp. v. Edwards, 514 U.S. 300, 307 (1995) (asserting that the jurisdiction of a bankruptcy court is "grounded in, and limited by, statute."). Two statutes, 28 U.S.C. §§ 157(a) and 1334, allow district courts to refer proceedings arising in, arising under, or related to a bankruptcy case, to bankruptcy courts. Although generally bankruptcy courts have jurisdiction to hear a wide array of matters, the exercise of bankruptcy court jurisdiction to enter any final order or judgment is limited to (1) "cases under title 11," § 157(b)(1); (2) "core" bankruptcy proceedings that either "arise under" the Bankruptcy Code or

-9-

"arise in" a case under the Code, id.; or (3) cases in which all interested parties consent to the bankruptcy court entering a final order in a matter that is "related to" a case under the Bankruptcy Code. § 157(c)(2); see also Marathon Pipe Line, 458 U.S. at 68; Harris v. Wittman (In re Harris), 590 F.3d 730, 737 (9th Cir. 2009).

In the Motion to Compel Investigation, Ms. Fearing sought an order from the bankruptcy court that would commence a criminal investigation against a Minnesota United States Attorney for allegedly stealing assets of the Debtor. At the February 9th hearing, the bankruptcy court stated very clearly it could not grant Ms. Fearing's request, as the court does not have the jurisdiction to compel a governmental agency to commence an investigation for any alleged crimes committed. The court pointed out to Ms. Fearing that she must target her request to an agency that would have such jurisdiction, but as a court of limited jurisdiction, it was not the bankruptcy court.

We agree. Ms. Fearing seeks a remedy that is well outside the jurisdiction of any bankruptcy court. Although, in limited circumstances, a bankruptcy court may be required to report violations of the law to the United States Attorney,[3] no federal

---

[3] See 18 U.S.C. § 3057 ("Any judge . . . having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed.") However, § 3057 does not help Ms. Fearing because
(continued...)

-10-

statute grants jurisdiction to a bankruptcy court to compel an investigation, as Ms. Fearing requests. It is well established that bankruptcy courts merely decide matters involving property of the debtor and adjudicate disputes between debtors and creditors. See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 43 (1989). A bankruptcy court simply lacks any jurisdiction over criminal proceedings. See e.g., Menk v. Lapaglia (In re Menk), 241 B.R. 896, 904 (9th Cir. BAP 1999) (holding that § 1334 grants bankruptcy courts jurisdiction only over certain "civil proceedings"); Gruntz v. City of Los Angeles (In re Gruntz), 202 F.3d 1074, 1083 (9th Cir. 2000) (interpreting § 362(b)(1) as rendering the automatic stay inapplicable to all criminal proceeding consistent with "its object and policy"); Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1192-95 (9th Cir. 2003)(holding that bankruptcy courts have no authority to impose criminal contempt sanctions based on their punitive nature). Nor does the bankruptcy court have discretion to compel governmental agencies to commence criminal investigations. See e.g., Wayte v. United States, 470 U.S. 598, 607 (1985)(finding that the decision to prosecute is "ill-suited to judicial review"). Because a bankruptcy court does not have the power to compel other independent governmental agencies to investigate criminal matters, Ms. Fearing's request falls outside any relief the bankruptcy court could have sanctioned under 28 U.S.C. §§ 157(a)

[3](...continued) creditors do not have a legal right to request the court to make a report. See In re Valentine, 196 B.R. 386, 387 (Bankr. E.D. Mich. 1996); see also In re Narumanchi, 471 B.R. 35, 44 (D. Conn. 2012).

-11-

or 1334. Therefore, the bankruptcy court properly denied her request.

**D. The bankruptcy court did not abuse its discretion when it denied the motion to reconsider**

The bankruptcy court did not make clear under which rule it was treating Ms. Fearing's motion to reconsider.[4] Notwithstanding such, we conclude that it fell under Civil Rule 59(e) since the Second Motion to Compel Investigation was filed within the required 14 days. Absent highly unusual circumstances, a motion under Civil Rule 59(e) should not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change of controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration is not for rehashing the same arguments made the first time or to assert new legal theories or new facts that could have been raised at the initial hearing. Greco v. Troy Corp., 952 F.2d 406 (9th Cir. 1991).

In the ruling, the bankruptcy court first determined that it could not grant reconsideration of the dismissal of the case. The court stated that when it granted the Motion to Withdraw, it gave Debtor ten days to seek employment of counsel or the case would be dismissed. Debtor did not retain counsel. Therefore, because the bankruptcy court, per Supreme Court mandate, could

---

[4] Treating the Second Motion to Compel Investigation as a motion to reconsider was solely the court's interpretation of Ms. Fearing's motion; Ms. Fearing did not specify which rule governed her motion.

-12-

not allow the case to go forward without counsel, it would not reconsider the Dismissal Order. Second, the bankruptcy court had determined that it lacked power over any criminal investigation. Based on this lack of power, the bankruptcy court could not reverse course and compel the requested investigation just because Ms. Fearing asked a second time.

The bankruptcy court did not abuse its discretion in denying both rulings. It identified the correct legal rules of law and its application of the law to the undisputed facts was not illogical, implausible, or without support in inferences which may be drawn from the record.

## VI.   CONCLUSION

For the reasons stated above, we AFFIRM.